482 P.2d 477

**CITY OF TEMPE, a municipal corporation, Appellant,**

v.

**DEL E. WEBB CORPORATION, an Arizona Corporation, Appellee.**

No. 1 CA–CIV 1293.

Court of Appeals of Arizona, Division 1.

March 18, 1971.

Review Denied April 20, 1971.

David R. Merkel, City Atty., Tempe, for appellant.

Allen, McClennen & Fels by Louis McClennen, Phoenix, for appellee.

Gary K. Nelson, Atty. Gen., Phoenix, for amicus curiae, Arizona Bd. of Regents.

Molloy, Jones, Hannah, Trachta & Coolidge by Russell E. Jones, Tucson, for amicus curiae, The Ashton Co., Inc., Contractors and Engineers, a corp.

Lewis & Roca by John P. Frank, Phoenix, for amici curiae, Arizona Masonry Contractors Assn., Air Conditioning Contractors of Arizona, Arizona Electrical Assn. and Pipe Trades Industry Program of Arizona.

HOWARD, Judge.

We have not been convinced, on motion for rehearing, that our previous de-

cision in this case was incorrect. However, it has been the pattern in this jurisdiction that in tax matters, when a previous decision is overruled, the new decision is given prospective effect only. See e. g. Duhame v. State Tax Commission, 65 Ariz. 268, 179 P.2d 252 (1947); Arizona State Tax Commission v. Ensign, 75 Ariz. 376, 257 P.2d 392 (1953); Southern Pacific Co. v. Cochise County, 92 Ariz. 395, 377 P.2d 770 (1963).

 Therefore, in fairness to the parties who have relied upon the previous holding of this court in Ashton Company v. City of Tucson, 7 Ariz.App. 509, 441 P. 2d 275 (1968) and who have entered into contracts with the belief that transactions of the type involved here were not subject to a transaction privilege tax, we hold that our decision in the case *sub judice* be given prospective effect.

A ruling which is purely prospective does not apply even to the parties before the court. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); cf. Southern Pacific Co. v. Cochise County, supra. Fundamental fairness dictates that the prospective operation of the rule we have announced in this case be accorded to appellee as well, which requires affirmance of the judgment below in its favor. Oklahoma County v. Queen City Lodge No. 197, I. O. O. F., 195 Okl. 131, 156 P.2d 340 (1945).

We adhere to our decision in this case, with the exception that it shall not apply to transactions consummated prior to the date thereof.

For the reasons herein stated, the previous decision of this court is modified as to the disposition of the instant case and the judgment is affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.