[No. 515-2.    Division Two.    July 18, 1972.]

FRANKIE M. PAYNE, *Respondent*, v. WILLIAM D. PAYNE, *Appellant*.

*Leonard W. Moen* (of *Hodge, Mann, Copeland & King*), for appellant.

*Herbert Gelman* (of *Overland & Gelman*), for respondent.

PETRIE, C.J.—The primary question presented by this appeal is whether or not an interest in a military retirement program and future benefits expected to be received thereunder constitute property distributable in a divorce proceeding. The answer is that such interest and anticipated monthly benefits cannot be distributed as property under a decree of divorce.

Upon her complaint for divorce the trial court awarded plaintiff, Frankie M. Payne, a decree of divorce from her husband, William D. Payne. Custody of the parties' two children was awarded to plaintiff. Defendant was ordered to pay $175 per month for child support for each of the children until they reached the age of 21 or sooner became emancipated or self-supporting. Plaintiff sought no alimony in her complaint and none was awarded. However, at the commencement of trial plaintiff did move to amend her complaint to include a prayer for temporary alimony. The

motion was denied, although pretrial notice of the motion to amend had been furnished to counsel for defendant.

At the time of their divorce the parties owned a modest amount of community property. By the decree of divorce, plaintiff was awarded a residence in which the parties owned a $2,500 equity, an unstated equity in an unimproved lake lot, a 1968 Mercury automobile and certain household furnishings and effects. In addition, she was awarded 65 per cent of the net proceeds from the sale of a second residence in which the parties had an equity of approximately $20,000. Defendant was awarded the remaining 35 per cent of those proceeds, a 1968 Chevrolet pickup truck, his tools and personal effects, the life insurance policies and, as stated in the decree of divorce:

> The interest in his retirement from the United States Air Force which he will collect upon his retirement in or about April of 1972, and which he will receive as retirement income from the United States Government in the approximate amount of $360 per month and which is subject to cost of living increases determined periodically. The plaintiff is hereby awarded the sum of $65 per month of said retirement income as and for property and not alimony, which payments shall continue so long as the defendant is receiving his retirement income from the United States Air Force . . .

As his single assignment of error defendant claims the court erred in awarding plaintiff a property interest in his military pension, contending that the court may not consider military pensions for the purpose of making a property settlement in divorce proceedings. Plaintiff contends that *Morris v. Morris,* 69 Wn.2d 506, 419 P.2d 129 (1966), is authority to support the trial court's classification of a husband's military pension as an asset acquired during coverture and therefore distributable as an asset of the parties. We disagree. The *Morris* case is not authority for the proposition that a military pension is property divisible as an asset of the parties upon divorce. In *Roach v. Roach,* 72 Wn.2d 144, 147, 432 P.2d 579 (1967) the court clarified its prior decision in *Morris* by stating:

After characterizing the pension as an asset acquired during coverture the [Morris] court did not treat it as a property asset, but awarded a specific payment of $100 per month from the military pension which was "all subject to further order of the court, or until such time as she remarries or becomes employed and earning $250 per month, or more."

Thereupon the *Roach* court held:

Federal military pensions are subject to certain contingencies set out by federal statute. As such it is not a fixed asset but is an emolument or economic advantage of office. *McLean v. United States,* 226 U.S. 374, 57 L. Ed. 260, 33 Sup. Ct. 122 (1912). It is an income resource which should be considered by the court in fixing the amount of the alimony award.

*Roach v. Roach, supra* at 147. *See also Mose v. Mose,* 4 Wn. App. 204, 480 P.2d 517 (1971).

Although we have determined that a portion of the defendant's military pension cannot be awarded to plaintiff as an asset divisible by the decree of divorce, we are constrained to conclude that she should have an opportunity to demonstrate to the trial court whether or not there was in fact any need for it to consider the husband's military pension as an income source to be considered in fixing the amount of an alimony award, if any.

The decree of divorce is reversed insofar as it attempts to award a property interest in defendant's military retirement; and this cause remanded for retrial limited solely to the issues of whether or not temporary alimony should be awarded to the plaintiff and the amount thereof, if any.

PEARSON and ARMSTRONG, JJ., concur.

Petition for rehearing denied October 3, 1972.

Review granted by Supreme Court December 15, 1972.