[No. 42602.     En Banc.     July 26, 1973.]

FRANKIE M. PAYNE, *Petitioner*, v. WILLIAM D. PAYNE, *Respondent*.

*Herbert Gelman* (of *Overland & Gelman*), for petitioner.

*Leonard W. Moen* (of *Hodge, Mann, Copeland & King*), for respondent.

UTTER, J.—In this divorce action the sole issue on appeal is whether the trial court erred in awarding the wife a property interest in her retired husband's military pension. We believe the trial court acted correctly and reverse the Court of Appeals which concluded such an interest could not be distributed as property under a decree of divorce.[1]

**Upon her complaint for divorce the trial court awarded plaintiff, Frankie M. Payne, a decree of divorce from her husband, William D. Payne. Custody of the parties' two children was awarded to plaintiff. Defendant was ordered to pay $175 per month for child support for each of the children until they reached the age of 21 or sooner became emancipated or self-supporting. Plaintiff sought no alimony in her complaint and none was awarded. However, at the commencement of trial plaintiff did move to amend her complaint to include a prayer for temporary alimony. The motion was denied, although pretrial notice of the motion to amend had been furnished to counsel for defendant.

At the time of their divorce the parties owned a modest amount of community property. By the decree of divorce, plaintiff was awarded a residence in which the parties owned a $2,500 equity, an unstated equity in an unimproved lake lot, a 1968 Mercury automobile and certain household furnishings and effects. In addition, she was awarded 65 percent of the net proceeds from the sale of a second residence in which the parties had an equity of approximately $20,000. Defendant was awarded the remaining 35 percent of those proceeds, a 1968 Chevrolet pickup

---

[1] Portions of the Court of Appeals opinion (7 Wn. App. 338, 498 P.2d 882 (1972)) are adopted in full by the court. These portions are set off by asterisks at the beginning and end of each section.

truck, his tools and personal effects, the life insurance policies and, as stated in the decree of divorce:

> The interest in his retirement from the United States Air Force which he will collect upon his retirement in or about April of 1972, and which he will receive as retirement income from the United States Government in the approximate amount of $360 per month and which is subject to cost of living increases determined periodically. The plaintiff is hereby awarded the sum of $65 per month of said retirement income as and for property and not alimony, which payments shall continue so long as the defendant is receiving his retirement income from the United States Air Force . . .**

We have considered the question of whether military pensions may be distributed as property in *Morris v. Morris,* 69 Wn.2d 506, 419 P.2d 129 (1966). There the trial court awarded the husband the entire gross amount of his military retirement pension while making a specific alimony award, in addition to other property of the parties, to the wife.

In *Loomis v. Loomis,* 47 Wn.2d 468, 479, 288 P.2d 235 (1955) this court noted that it was inclined to agree that a military pension "is not in the nature of 'future earnings,' but is an asset acquired during coverture" and is not a gift or gratuity accruing to the husband. *See also Kirkham v. Kirkham,* 335 S.W.2d 393 (Tex. Civ. App. 1960).

The asset was not definitely characterized in *Morris* because our statute subjects all the property of the divorced litigants, whether it be community or separate, to the fair, reasonable and equitable disposition by the divorce court. RCW 26.08.110. This court stated in making the award to the wife in *Morris,* at page 510, that she was given:

> an interest in a specific amount of the military pension. Consequently, we have concluded that the wife should be accorded an interest in the military pension in the specific amount of $100 per month; that, in addition, she should be awarded $25 per month alimony for a period of 5 years, all subject to further order of the court, or until such time as she remarries or becomes employed and earning $250 per month, or more.

Defendant urges that our decision in *Roach v. Roach,* 72 Wn.2d 144, 432 P.2d 579 (1967) compels a different result. In *Roach,* the issue before the court was the alleged failure of the court to take into consideration the value of the husband's retirement pension earned while serving in the air force. There the court, in a departmental decision, indicated the court in *Morris*

> After characterizing the pension as an asset acquired during coverture the court did not treat it as a property asset, but awarded a specific payment of $100 per month from the military pension which was "all subject to further order of the court, or until such time as she remarries or becomes employed and earning $250 per month, or more." *Morris v. Morris, supra,* at 511.

*Roach v. Roach, supra* at 147.

We believe the *Roach* opinion, in this dicta, incorrectly construed the *Morris* holding. The phrase "all subject to . . ." in *Morris* only referred to the immediately preceding language regarding the $25 per month alimony and makes no reference to that portion of the award granting $100 per month from the military pension. These two portions of the award were stated in one sentence in *Morris,* but separated by a semicolon. The placement of the semicolon indicates the conditions to the award referred only to the $25 per month alimony, and viewed this way, the construction of the *Morris* holding is consistent with our alimony cases. *Berg v. Berg,* 72 Wn.2d 532, 434 P.2d 1 (1967); *Kelso v. Kelso,* 75 Wn.2d 24, 27, 448 P.2d 499 (1968); *Mose v. Mose,* 4 Wn. App. 204, 480 P.2d 517 (1971).

■ The statement in *Roach* that a military pension is "not a fixed asset but is an emolument or economic advantage of office" does not preclude the court from treating certain aspects of that pension as property, regardless of the fact that there are inherent limitations that make it different from fixed assets. *Mora v. Mora,* 429 S.W.2d 660 (Tex. Civ. App. 1968). This was recognized by the trial court, in the instant case, when it awarded the payments for "so long as the defendant is receiving his retirement income from the Air Force."

This construction of our cases is consistent with the interpretation given by other community property states. Courts today regard military retirement plans and retirement pay as a mode of employee compensation. It is an earned property right which accrues by reason of a specified number of years of service in a particular branch of the armed services. *Berkey v. United States,* 361 F.2d 983 (Ct. Cl. 1966); *Kirkham v. Kirkham, supra; Mora v. Mora, supra; LeClert v. LeClert,* 80 N.M. 235, 453 P.2d 755 (1969); *In re Karlin,* 24 Cal. App. 3d 25, 101 Cal. Rptr. 240 (1972).

That portion of the decree of divorce awarding plaintiff the sum of $65 per month of said retirement income as and for property and not as alimony, which payments shall continue so long as the defendant is receiving his retirement income from the United States Air Force, is reinstated.

HALE, C.J., FINLEY, ROSELLINI, HUNTER, HAMILTON, STAFFORD, WRIGHT, and BRACHTENBACH, JJ., concur.