537 P.2d 1336

**STATE of Arizona, Appellee,**

v.

**Ruben ZARAGOZA, Appellant.**

**No. I CA–CR 970.**

Court of Appeals of Arizona, Division 1, Department B.

July 30, 1975.

Review Denied Oct. 16, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Frank T. Galati, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Garth v. Smith, Deputy Public Defender, Phoenix, for appellant.

OPINION

JACOBSON, Presiding Judge.

This is an appeal by the defendant Ruben Zaragoza from the trial court's order of

November 21, 1974, finding him guilty of second degree burglary and sentencing him to 4 to 5 years imprisonment. The defendant was originally charged by Information with burglary, first degree, but was adjudged guilty of burglary second degree after a waiver of a jury trial and an agreement to submit the determination of guilt to the trial court on the basis of the preliminary hearing transcript.

Two issues are raised on appeal. First, the defendant argues that the trial court's verdict of second degree burglary was contrary to the evidence in that the only evidence presented showed that the acts took place in the night-time. Second, defendant argues that the record does not manifest that his waiver of a jury trial was made knowingly, voluntarily and intelligently as required by State v. Crowley, 111 Ariz. 308, 528 P.2d 834 (1974), in that there was no showing that he was advised of the range of sentencing which could be imposed should the trial court find him guilty.

The facts pertinent to these issues show that at approximately 10:00 a. m. on August 7, 1974 the defendant took several boxes of frozen scallops and shrimp from a walk-in freezer inside a restaurant where he worked and placed them in a storage shed located behind the restaurant. The owner of the restaurant discovered them missing at approximately 3:30 that afternoon. After finding them in the storage shed he called the police. The investigating officers conducted a surveillance of the shed until 8:50 p. m., at which time the defendant arrived in an automobile with two companions, removed the stolen goods and was apprehended as he left the parking lot.

He admitted placing the frozen foods in the shed that morning and stated further that he had intended to sell them. No evidence was presented as to whether he was working that morning nor was there any evidence presented to show whether the taking at 8:50 p. m. in the middle of the summer was in the "night-time" as contemplated in Arizona's burglary statutes.

After being charged with burglary, first degree, and after an initial denial of the charge, the defendant, on October 22, 1974, agreed to waive a trial by jury.

We note the following dialogue between the court and the defendant which occurred prior to accepting defendant's waiver:

"THE COURT: Your true name is Ruben Zaragoza?

"THE DEFENDANT: Yes.

"THE COURT: How old are you?

"THE DEFENDANT: Twenty eight.

"THE COURT: How far have you gone in school?

"THE DEFENDANT: Seventh grade.

"THE COURT: Do you read and understand English?

"THE DEFENDANT: (Witness nods in the affirmative.)

"THE COURT: Pardon?

"THE DEFENDANT: Yes.

"THE COURT: Speak up so that she can hear you.

"THE DEFENDANT: Yes.

"THE COURT: You have entered into an agreement wherein you have agreed to waive your right to a trial by jury and submit this matter for determination of your guilt or innocence to me based upon the preliminary transcript; is that correct?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that by this procedure you are giving up your right to a trial by jury? Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand also that you are giving up your right to call witnesses on your behalf except as may have been done at the time of the preliminary hearing? Do you understand that?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that you also [sic] giving up your right to

cross-examine those who have accused you of this crime except as was done at the time of the preliminary hearing?

"THE DEFENDANT: Yes.

"THE COURT: Do you understand that? Do you understand what each of these rights are?

"THE DEFENDANT: Yes.

"THE COURT: Do you give each of them up?

"THE DEFENDANT: Yes.

"THE COURT: Were there any promises made to get you to waive your right to a trial by jury and submit the matter based upon the transcript?

"THE DEFENDANT: No.

"THE COURT: Were there any threats made?

"THE DEFENDANT: No.

"THE COURT: Was there any force used?

"THE DEFENDANT: No.

"THE COURT: On the basis of the record, the Court finds the defendant knowingly, intelligently and voluntarily waives his right to a trial by jury and agrees to submit the matter to the Court for determination of guilt or innocence based upon the transcript of the preliminary hearing. The waiver of trial by jury is approved . . . ."

Defendant first argues that the evidence unequivocally shows the entry into the shed occurred at 8:50 p. m.; that 8:50 p. m. was in the night-time and that this negated any verdict of second degree burglary. The only other act being the initial removal of the goods from the restaurant at 10:00 a. m., defendant states that at most the record will support a verdict of petty larceny. The state, on the other hand, argues that because there is no proof beyond a reasonable doubt that removal of the goods from the shed took place in the night-time, the trial court had no choice but to find defendant guilty of the lesser included crime of second degree burglary.

■ We find defendant's argument wholly without merit. Defendant was charged with burglary under A.R.S. § 13–302 and he does not argue that the elements of the crime are not proven. Because the time of day is important only to a determination of the degree of the offense and only goes to the issues of punishment, State v. Hunter, 102 Ariz. 472, 433 P.2d 22 (1967), defendant cannot be heard to complain if he is convicted of a lesser charge.

In defendant's second argument he recognizes that the trial court adequately questioned him concerning the constitutional rights encompassed in his waiver of the jury trial and the voluntariness of the waiver. His argument concentrates solely on the failure of the trial court to advise him of the range of possible sentence provided by statute for the crime charged and asserts that State v. Crowley, supra, demands this advice.

■ We first note that *Crowley* was decided on December 4, 1974 while the agreement to waive a jury and to submit the matter to the court based upon the preliminary hearing was made on October 22, 1974 at which time a finding of guilt was also made. We are thus faced with the threshold issue of whether Crowley should be applied retroactively. It is the general rule that unless exceptional circumstances are shown, court decisions are accorded prospective application only. Begay v. Graham, 18 Ariz.App. 336, 501 P.2d 964 (1972). When we consider that what defendant urges is that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) be applied to a jury waiver and submission agreement and that *Boykin* itself was not made retroactive, State v. Taylor, 109 Ariz. 140, 506 P. 2d 1034 (1973), we are drawn to the conclusion that *Crowley* likewise should not be afforded retroactive operation.

We do not intend to imply that Crowley would require a more thorough examina-

tion by the trial court than was conducted here. Rather we merely hold that we do not need to reach this issue because of the prospective effect of *Crowley*.

For the reasons stated above, the judgment and sentence are affirmed.

HAIRE, C. J., Division 1, and EU-BANK, J., concurring.