William C. WELSCH, Petitioner,

v.

Mary Dale GERHARDT, Respondent.

No. B-7865.

Supreme Court of Texas.

April 25, 1979.

Nicholas & Barrera, Dan A. Naranjo, San Antonio, Gary Pinnell, Austin,.for petitioner.

James R. Bass and John G. McGarr, Jr., San Antonio, for respondent.

DENTON, Justice.

Mary Dale Gerhardt filed suit against William C. Welsch for a partition of her former husband's military retirement benefits. The trial court sustained Welsch's plea in bar and dismissed Gerhardt's suit. The court of civil appeals reversed the trial court's judgment and remanded the cause for a trial on the merits. 568 S.W.2d 873. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

On October 30, 1970 Gerhardt and Welsch were divorced in the State of Washington where he was then stationed in the military service. The Washington divorce decree adopted and approved a property settlement agreement executed by the parties. Neither the property settlement agreement nor the divorce decree mentioned the military retirement benefits involved in this litigation. Welsch entered the Air Force in 1954. Two years later he and Gerhardt were married in Texas. On the date of the Washington divorce decree in 1970 Welsch had been a member of the armed service for 18 years, having served more than 14 years while married to Gerhardt. Welsch retired from the service on November 1, 1972 and received his first retirement check on November 30, 1972.

At the time of the property settlement and divorce decree in 1970, the exact nature of the military retirement benefits had not been determined by the courts of Washington. Note, *Community Property—Deferred Compensation: Disposition of Military Retirement Pay upon Dissolution of Marriage,* 50 Wash.L.Rev. 506 (1975). Some Washington decisions had implied that the benefits were community property. *See e. g., Morris v. Morris,* 69 Wash.2d 506, 419 P.2d 129 (1966) and *Edwards v. Edwards,* 74

Wash.2d 286, 444 P.2d 703 (1968). Other decisions treated military retirement benefits as only being an "income resource" to be taken into account when fixing alimony and child support. *Roach v. Roach*, 72 Wash.2d 144, 432 P.2d 579 (1967); *see also, Mose v. Mose*, 4 Wash.App. 204, 480 P.2d 517 (1971); and *Payne v. Payne*, 7 Wash. App. 338, 498 P.2d 882 (1972). It was not until *Payne v. Payne*, 82 Wash.2d 573, 512 P.2d 736 (1973) that the Supreme Court of Washington finally decided that military retirement benefits are community property subject to division upon dissolution of a marriage.

All parties agree that the Washington Court had jurisdiction to grant the divorce action and that under applicable Washington statutes it was the duty of that court to make a division of the property, both community and separate, of the parties. R.C.W. 26.09.080 (1973). It is also settled that under the full faith and credit clause of the United States Constitution (U.S.C.A. art. IV, § 1) and the statute implementing that constitutional provision, Texas courts must give to the Washington decree that faith and credit which would be accorded to it by the courts of that State. *Durfee v. Duke*, 375 U.S. 106, 84 S.Ct. 242, 11 L.Ed.2d 186 (1963). The question which this Court must decide is whether under Washington law Gerhardt presently has a cause of action to partition the undivided military retirement benefits now being received by Welsch. We hold that under Washington law as it now exists this question must be answered in the negative.

The court in *In re Marriage of Hagy*, 20 Wash.App. 642, 581 P.2d 598 (1978) is the first Washington court to consider whether the rule that retirement benefits are community property should be applied retroactively. The original divorce court in *Hagy*, as did the court in the divorce here in question, failed to divide the retirement benefits. The court in *Hagy* first noted that the property settlement's failure to include the benefits was consistent with the law as it was understood in 1970. The court then held:

To give retroactive effect to the decisions in the post-1970 cases so as to allow the maintenance of a partition suit would work an injustice. There are undoubtedly a multitude of cases, finalized prior to the *Payne* decision, in which the parties failed to list contingent pension rights among community assets. . . . *These factors, coupled with the difficulty of foreseeing in 1970 the coming developments in the law, support our view that Payne and its progeny should not be utilized as a wedge to reopen prior decrees entered in good faith according to the then existing law.* [1]

At approximately the same time *Hagy* was decided, another Washington court reached the identical conclusion in *Martin v. Martin*, 20 Wash.App. 686, 581 P.2d 1085 (1978). In *Martin* the court held that public policy demanded that pre-*Payne* divorces should be final:

This policy interest would be greatly undermined if we were to create the potential for a reexamination of every military divorce prior to *Payne*. Such a result would be both unwise and unnecessary. Where both the existence of the pension was disclosed to the trial courts prior to *Payne* we feel certain it was *directly or indirectly* [court's emphasis] taken into account, as in this case [citing authority]. *Where the existence of the pension was not disclosed, the parties must be conclusively presumed to have relied upon the pre-Payne understanding that military pensions were not property to be disposed of by the divorce court. The parties ought to be bound to the rules as they were generally understood at the time of the divorce. We, therefore, hold that Payne v. Payne should not be given a retroactive effect.*

There is nothing in the record here to indicate whether the military retirement benefits were considered. However, it is clear that the court in *Martin* holds that property settlements will not be reopened even if the

---

1. All emphases herein are added unless otherwise indicated.

benefits were not considered at the time of the divorce.

The most recent Washington decision follows this same rule. In *Myser v. Myser*, 21 Wash.App. 925, 589 P.2d 277 (1979), the court also refused to give *Payne* a retroactive effect. The facts in *Myser* are quite similar to the facts in the case at hand. The Washington Court affirmed the dismissal of Mrs. Myser's suit to partition the undivided military benefits based upon the reasoning of *Martin* and *Hagy*. Gerhardt has not cited, nor has this Court found, any Washington decision that permits a retroactive application of the *Payne* decision. It is therefore apparent that the current Washington law forbids the retroactive application of *Payne v. Payne, supra*, and that Gerhardt has no cause of action for a partition of these retirement benefits.

We, therefore, reverse the judgment of the court of civil appeals and affirm the trial court's judgment.