604 P.2d 648

**Patricia JoAnn REED, Petitioner/Appellee/Cross Appellant,**

v.

**Ronald Stephen REED, Respondent/Appellant/Cross Appellee.**

No. 2 CA–CIV 3123.

Court of Appeals of Arizona,
Division 2.

Nov. 9, 1979.

Rehearing Denied Dec. 12, 1979.

Review Denied Jan. 3, 1980.

Whitehill, Berger, Karp & West, P.C., by David West, Craig Gordon, Tucson, for petitioner/appellee/cross appellant.

Stompoly & Even, P.C., by James L. Stroud, Tucson, for respondent/appellant/cross appellee.

OPINION

HOWARD, Judge.

The marriage of the parties was dissolved by the Pima County Superior Court on January 17, 1975. On May 8, 1978 appellee filed a petition with the trial court alleging that the divorce decree failed to dispose of the military retirement benefits which appellant was receiving at the time of the divorce and that they were therefore held by the parties as tenants in common. She requested the trial court to award her one-half of these benefits. The trial court agreed with appellee and awarded her one-half of the benefits. Appellant claims the trial court erred in awarding appellee any portion of the military retirement pay. We agree.

Appellant contends that the divorce decree made a disposition of the retirement pay. Appellee claims that it did not.[1] We need not decide the issue.

---

1. On the subject of the failure of the final decree to dispose of community property see, de Funiak & Vaughn, Principles of Community Property, 2nd ed. Sec. 229 (1971) and Annot. 85 A.L.R. 339. When A.R.S. Sec. 25–318 was enacted in 1973 no provision was made for com-

Although *Everson v. Everson,* 24 Ariz. App. 239, 537 P.2d 624 (1975) held that any portion of a pension plan earned during marriage is community property, it was not until *Van Loan v. Van Loan,* 116 Ariz. 272, 569 P.2d 214 (1977) that the court squarely held non-vested military benefits attributable to community effort are community property.[2] The final decree in this case was entered prior to *Everson* and *Van Loan.*

It is the general rule that unless exceptional circumstances are shown, court decisions will be given only prospective application. *State v. Zaragoza,* 24 Ariz.App. 278, 537 P.2d 1336 (1975). In determining whether to give a decision prospective or retrospective application, the purpose of the decision, reliance on a prior rule of law, and the possible effect upon the administration of justice are factors that must be considered. *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974); see also, *State v. Maloney,* 105 Ariz. 348, 464 P.2d 793 (1970), cert. den. 400 U.S. 841; *City of Tempe v. Del E. Webb Corporation,* 14 Ariz.App. 228, 482 P.2d 477 (1971). There was a property settlement in this case and the "personal property" was mentioned as having been divided. Although appellee did not consider the retirement benefits to be included in the category of "personal property" she did know of their existence, that they were being paid to appellant and that after the decree he would still be receiving them. She knew that his only obligation with regard to these benefits was to pay child support to her.

There is a compelling policy interest favoring the finality of property settlements. *Peste v. Peste,* 1 Wash.App. 19, 459 P.2d 70 (1969). This policy interest would be greatly undermined if the court were to create the potential for reexamination of every military divorce prior to *Everson* and *Van Loan.* See *Martin v. Martin,* 20 Wash.

App. 686, 581 P.2d 1085 (1978). We therefore hold that *Everson* and *Van Loan* should not be given a retrospective effect.[3]

The judgment of the trial court is reversed with instructions to enter judgment in favor of appellant and against appellee.

RICHMOND, C. J., concurs.

HATHAWAY, Judge, dissenting.

I disagree with the majority holding that *Everson* and *Van Loan* should be given prospective effect only. Rather than announcing a new principle of law, those holdings reflect what the law is and presumably what it was. Generally, in civil cases where a rule is overturned, unless special circumstances warrant the denial of retroactive application, or unless the overruling court has expressly indicated otherwise, it may be assumed that an overruling decision operates retroactively and prospectively. Annot., 10 A.L.R.3d 1371 (Supp.1979), citing numerous cases including *Safarik v. Udall,* 113 U.S.App.D.C. 68, 304 F.2d 944 (D.C.Cir. 1962), cert. den. 371 U.S. 901, 83 S.Ct. 206, 9 L.Ed.2d 164; *Arizona State Tax Commission v. Ensign,* 75 Ariz. 376, 257 P.2d 392 (1953), and *O'Malley v. Sims,* 51 Ariz. 155, 75 P.2d 50 (1938). A fortiori, the rule would seem to apply here where no precedent has been overruled, no startling new doctrine established (the statutes have consistently pointed the way), and the supreme court has not specified prospective application only.

In *O'Malley v. Sims,* supra, our supreme court adopted the rule set out in *Laabs v. Wisconsin Tax Commission,* 218 Wis. 414, 261 N.W. 404 (1935):

"Without attempting to deal exhaustively with the subject, it may be said that, generally speaking, courts adhering to the rule that a later decision operates retrospectively, have created the following exceptions:

Ariz. 430, 595 P.2d 662 (1979); *Neal v. Neal,* 116 Ariz. 590, 570 P.2d 758 (1977).

munity property not provided for in the decree. This was cured in 1977 by A.R.S. Sec. 25–318(B). We need not decide the effect of this omission when the decree was entered.

**2.** See also *Czarnecki v. Czarnecki,* 124 Ariz. 466, 600 P.2d 1098 (1979); *In re Furimsky,* 122

**3.** Appellee has filed a cross-appeal which is moot in view of our disposition.

(1) Where contracts have been entered into in reliance upon a legislative enactment as construed by the earlier decisions.

(2) Where a legislative enactment has been declared valid by earlier decisions, and contracts have been entered into in reliance upon the statute and decisions. (Citations omitted)

(3) Where a criminal statute, . . ." 261 N.W. at 405.

The United States Supreme Court discussed the problem in *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), stating:

"In our cases dealing with the nonretroactivity question, we have generally considered three separate factors. First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, see e. g., *Hanover Shoe, Inc. v. United Shoe Machinery Corp.,* supra, 392 U.S. [481], at 496, 88 S.Ct. [2224], at 2233, [20 L.Ed.2d 1231] or by deciding an issue of first impression whose resolution was not clearly foreshadowed, see, e. g., *Allen v. State Board of Elections,* supra, 393 U.S. [544], at 572, 89 S.Ct. [817], at 835 [22 L.Ed.2d 1]. Second, it has been stressed that 'we must * * * weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' *Linkletter v. Walker,* supra, 381 U.S. [618], at 629, 85 S.Ct. [1731], at 1738 [14 L.Ed.2d 601]. Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.' *Cipriano v. City of Houma,* supra, 395 U.S. [701], at 706, 89 S.Ct. [1897], at 1900 [23 L.Ed.2d 647]." 404 U.S. at 106–107, 92 S.Ct. at 355.

Since I do not believe this case falls within an exception, I would apply *Everson* and *Van Loan* retroactively and prospectively. The majority is disturbed with the possibility of reexamining divorces prior to *Everson* and *Van Loan,* and cites *Martin v. Martin* as authority for their position. There the Washington court overruled precedent that a military pension was not property subject to division by a dissolution court and the question before the court was whether to apply the overruling decision to a divorce which occurred nine years prior. The court found that trial courts had been either directly or indirectly taking pensions into account when they divided the property and that "[w]here the existence of the pension was not disclosed, the parties must be conclusively presumed to have relied on the pre-*Payne* [*Payne v. Payne,* 82 Wash.2d 573, 512 P.2d 736 (1973)] understanding that military pensions were not property to be disposed of by the divorce court. The parties ought to be bound to the rules as they were generally understood at the time of the divorce." 581 P.2d at 1088.

I would bind the parties to the rule as confirmed in *Everson* and *Van Loan.* Texas, which applied its rule retroactively over dissent in *Taggart v. Taggart,* 552 S.W.2d 422 (Tex.1977), apparently has had little difficulty in dealing with such retroactive application. One year later, in *Valdez v. Ramirez,* 574 S.W.2d 748 (Tex.1978), the Texas court was already referring to its "settled marital property rule," citing *Taggart* and *Cearley v. Cearley,* 544 S.W.2d 661 (Tex.1976), and *Busby v. Busby,* 457 S.W.2d 551 (Tex.1970).

The injustice of foreclosing property interests by judicial fiat is, in my opinion, of much greater concern than problems that may be encountered in their litigation. Retirement pensions, be they government, corporate, or military, are often a substantial, if not the principal, asset of the community. The answer to the question on military pensions having been given in appellate opinions should not operate negatively to eliminate retroactive benefits and afford a windfall because of judicial reluctance to determine unresolved property in-

terests. Courts exist to dispense justice and not to frustrate it.

Since Mr. Reed's military pension was determined not to have been disposed of in dividing the property at the time of the divorce, it was properly before the trial court for division. I would modify the division to reflect the fact that 27% of the retirement benefits were earned while the parties were domiciled in community property states and would award the petitioner 13.5% of those benefits as her share of the community.