[No. 47842–2.   En Banc.   May 13, 1982.]

JILL A. FARVER, *Respondent,* v. THE DEPARTMENT
OF RETIREMENT SYSTEMS, ET AL, *Petitioners.*

*Betzendorfer, Deutscher & Granoski,* by *Charles M. Granoski, Jr.,* for petitioners.

*Franklin K. Fogg,* for respondent.

STAFFORD, J.—Phyllis and John Berling (petitioner) were married in 1944. In 1974 John petitioned for dissolution. At the time of trial, John had worked for the Washington State Patrol for 22 years and his contingent pension rights in the Washington State Patrol's retirement system constituted the most valuable marital asset.

The trial court, in the process of allocating the marital property, divided the retirement rights, giving three–fourths of the income from the contingent pension to John and one–fourth to Phyllis, with the unchallenged proviso that any additional benefits accruing in the event John decided to work past his earliest permissible retirement date in 1977 would be shared equally. Under the terms of the decree, payments to Phyllis were to begin only after John retired and were to continue only as long as he continued to receive benefits. John continued to work for the State Patrol and married his present wife Betty (petitioner) in 1975.

On May 19, 1978, Phyllis Berling died, leaving no will. She was survived by their two children. Their daughter, respondent Jill Berling Farver, was appointed administratrix. Farver's inventory of the estate included her mother's interest in the retirement benefits. Probate of the estate was completed in May 1979. As part of the distribution, the decedent's interest in the retirement benefits were assigned in equal shares to Farver and her brother.

John Berling retired from the State Patrol in June of 1979, with retirement benefits of $1,340.59 per month. Beginning in July 1979, the Department began paying the full amount of the pension to John. Mrs. Farver commenced this action against the Department and John and Betty Berling praying for a judgment declaring her rights in the pension fund and requiring the Department to pay her

share directly to her. Both Farver and the Berlings moved for summary judgment. The trial court denied Farver's motion and entered judgment for the Berlings, thereby necessarily rejecting any claim against the Department. No judgment was entered in the Department's favor, however.

Division Two of the Court of Appeals reversed the summary judgment, holding Phyllis Berling's interest in her former husband's pension was inheritable. The court also held, however, that the dissolution decree did not require the Department to pay the decedent's heirs directly. *Farver v. Department of Retirement Sys.,* 29 Wn. App. 138, 629 P.2d 903 (1981).

We affirm the decision of the Court of Appeals, although under a different rationale.

## I

■ Pension and other retirement plans are unique property rights. They are in the nature of deferred compensation. As such they are not mere expectancies but are vested rights possessed by employees. *Wilder v. Wilder,* 85 Wn.2d 364, 534 P.2d 1355 (1975); *Payne v. Payne,* 82 Wn.2d 573, 512 P.2d 736 (1973);[1] *DeRevere v. DeRevere,* 5 Wn. App. 741, 491 P.2d 249 (1971); W. de Funiak & M. Vaugh, *Principles of Community Property* § 68, at 149 (2d ed. 1971).

It is a fundamental principle of community property law that since both spouses participate in the community, both are entitled to share in its reward. *See* Cross, *The Community Property Law in Washington,* 49 Wash. L. Rev. 733, 764 (1974); *see* Reppy, *Community and Separate Interests*

---

[1] *Wilder v. Wilder,* 85 Wn.2d 364, 534 P.2d 1355 (1975) and *Payne v. Payne,* 82 Wn.2d 573, 512 P.2d 736 (1973) both involved military pensions. The United States Supreme Court has recently ruled that under federal law, military pensions are the separate property of the employee spouse and are not subject to the community property laws of any state. *See McCarty v. McCarty,* 453 U.S. 210, 69 L. Ed. 2d 589, 101 S. Ct. 2728 (1981). Notwithstanding these decisions, however, *Wilder* and *Payne* still serve as authority for the proposition that pensions in general (except those of a federal nature such as military pensions and railroad pensions) are subject to our state community property laws.

*in Pensions and Social Security Benefits After Marriage of Brown and ERISA,* 25 U.C.L.A. L. Rev. 417 (1978). The nonemployee (nonmember) spouse, then, has a property interest in the employee's or participant spouse's retirement plan. *See* Cross, *supra; Wilder, supra; Payne, supra; DeRevere, supra.*

Consistent with this principle the trial judge, in the dissolution action between Phyllis and John Berling, awarded a specified percentage of the income from John's retirement benefits to Phyllis for as long as he received such benefits. The dissolution decree stated:

> [P]etitioner [John Berling] alone shall have the right to determine, within the limits of the plan, when and in what form payments should be made from the plan—and, petitioner alone shall have the right to decide when he shall retire, and consequently start retirement benefit payments; . . .
>
> . . . the payments to respondent [Phyllis Berling], whether periodic, lump sum or otherwise, under the retirement plan benefits need not be paid and are not due until petitioner retires. If petitioner does not retire during March, 1977, at which time his retirement vests, and continues in the employment of the Washington State Patrol and consequently acquires additional retirement benefits, those additional retirement benefits shall be divided equally between the parties; it is further
>
> ORDERED, ADJUDGED AND DECREED, that petitioner's obligation to make payment *from his retirement income* shall continue only so long as he receive such benefits; . . .

(Italics ours.)

■ The decree was never challenged. By its terms Mr. Berling was required to pay a specified percentage of his retirement income to Phyllis. The payments from that source of income were to continue only as long as income from the pension benefits were received by Mr. Berling. It is clear that Phyllis Berling's rights were only against Mr. Berling, not against the Department. The property to which she was entitled is the stated interest in whatever income Mr. Berling actually received from retirement ben-

efits. This is no more than the usual property division routinely made in dissolution decrees. *See* RCW 26.09. Thus, pursuant to the decree, the distributed property became Phyllis Berling's separate property. *See Barkley v. American Sav. Bank & Trust Co.,* 61 Wash. 415, 112 P. 495 (1911); Washington State Bar Ass'n, *Community Property Desk Book* § 37.29 (1977). Her property right to the judicially specified percentage of John's income from retirement benefits was subject to the state's statutes governing the descent and distribution of property. RCW 11.04.015.[2]

Petitioners, John and Betty Berling, contend such a ruling would be contrary to the State Patrol Retirement System statute (RCW 43.43.120–.320). They assert the absence of a specific statement of statutory intent to permit retirement benefits to be given to the estate of a deceased nonemployee spouse indicates a legislative intent to restrict the operation of RCW 11.04.015. In support, petitioners cite a recent decision of the California Supreme Court. It held that a trial court may not award benefits (pursuant to a comprehensive dissolution property settlement) from a state judge's retirement plan to the former wife's devisees or heirs. *Waite v. Waite,* 6 Cal. 3d 461, 492 P.2d 13, 99 Cal. Rptr. 325 (1972). *See also In re Marriage of Brown,* 15 Cal. 3d 838, 544 P.2d 561, 126 Cal. Rptr. 633 (1976); *Benson v. Los Angeles,* 60 Cal. 2d 355, 384 P.2d 649, 33 Cal. Rptr. 257 (1963). In *Waite,* the California court found a legislative intent that the nonemployee former spouse's interest in the

---

[2]RCW 11.04.015 reads in relevant part:

"Descent and distribution of real and personal estate. The net estate of a person dying intestate, or that portion thereof with respect to which the person shall have died intestate, shall descend subject to the provisions of RCW 11.04.250 and RCW 11.02.070, and shall be distributed as follows:

". . .

"(2) Shares of others than surviving spouse. The share of the net estate not distributable to the surviving spouse, or the entire net estate if there is no surviving spouse, shall descend and be distributed as follows:

"(a) To the issue of the intestate; if they are all in the same degree of kinship to the intestate, they shall take equally, or if of unequal degree, then those of more remote degree shall take by representation."

pension would terminate upon the death of either spouse. Under this "terminable interest rule",[3] then, a nonemployee's community interest in the employee's retirement plan would end upon the nonemployee's death thereby cutting off the nonemployee's testamentary power.

Petitioner's argument is without merit. First, unlike *Waite,* we are not faced with a challenge to a dissolution settlement awarding benefits from a husband's retirement plan to the former wife and ultimately to her devisees or heirs. Rather, the issue is whether Phyllis Berling's separate property interest in the income from John Berling's pension may devolve to Jill Farver and her brother under the laws of intestate succession. Consequently, *Waite* is inapposite.

Moreover, the *Waite* court looked to the statutory design underlying the California pension legislation for support:

> [T]he statutory design for judges' pensions negates the spouse's contention that her legatees should inherit pension payments payable for the balance of the judge's life. Whatever community interest the wife may claim, it cannot transcend the legislation upon which the pension itself rests. The legislation grants to the wife, not an inheritable legacy, but a continuing economic protection for her lifetime, a state–secured provision for subsistence.

*Waite,* at 474. One commentator has noted the absurdity of this argument:

> It is senseless to say, as did the *Waite* court, that in fashioning a pension scheme the legislature had no intention of conferring benefits on the heirs or legatees of a participant's spouse. Undoubtedly there is the same absence of intent when it comes to the *salary* paid to a married state employee, yet if some savings from that salary are on hand when [wife] predeceases [husband] no one would dispute her power to bequeath half of it.

Reppy, *Community and Separate Interests in Pensions*

---

[3]For an excellent discussion of the genesis of the "terminable interest rule" in California, see Reppy, *Community and Separate Interests in Persons and Social Security Benefits After Marriage of Brown and ERISA,* 25 U.C.L.A. L. Rev. 417, 446–58 (1978).

*and Social Security Benefits After Marriage of Brown and ERISA,* 25 U.C.L.A. L. Rev. 417, 471 (1978). *See also Waite v. Waite,* 17 Cal. App. 3d 108, 125, 94 Cal. Rptr. 677 (1971) (Kaus, J., dissenting), *aff'd,* 6 Cal. 3d 461, 492 P.2d 13, 99 Cal. Rptr. 325 (1972).

Unlike California, there is nothing in our statutory scheme indicating any intent to deprive the nonemployee former spouse of her actual and recognized community property rights in the income from the pension benefits paid the employee. Thus, since the "terminable interest rule" is clearly without statutory basis, we decline to engraft it onto the law of this state. *See* Reppy, *supra* at 462; Pattiz, *In a Divorce or Dissolution Who Gets the Pension Rights: Domestic Law and Retirement Plans,* 5 Pepperdine L. Rev. 191, 208 (1978).

## II

■ Finally RCW 41.04.320 does not alter the outcome of this case. RCW 41.04.320 reads in relevant part:

> All payments made to a nonmember spouse or ex–spouse pursuant to the provisions of this amendatory act shall cease upon the death of such a nonmember spouse or ex–spouse. Upon such a death, the department is hereby authorized and directed to pay to the member his or her full monthly entitlement of benefits.

The statute was enacted in 1979 and, by its precise terms, applies only to "decrees of dissolution or legal separation and court–approved property settlement agreements entered *after May 25, 1979*". (Italics ours.) RCW 41.04.330. The settlement between Phyllis and John Berling was entered in 1974. Further, section .320 applies *only* to direct payments from the Department to the nonmember former spouse while the nonmember spouse is still alive. In the instant case, the dissolution settlement did not require direct payments from the Department to the nonemployee spouse. *Farver v. Department of Retirement Sys.,* 29 Wn. App. 138, 629 P.2d 903 (1981). Most importantly, section .320 in no way impacts the interest of the nonemployee spouse or former spouse in the pension. Rather, section .320

is procedural in nature and merely establishes when the Department must pay retirement benefits directly to the nonemployee spouse or former spouse.

The judgment of the Court of Appeals is affirmed.

BRACHTENBACH, C.J., and ROSELLINI, UTTER, DOLLIVER, WILLIAMS, DORE, and DIMMICK, JJ., concur.