IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| IVAN (BUDD) COHEN, | ) | |
| | ) | |
| Petitioner/Appellee/ | ) | 2 CA-CV 2006-0155 |
| Cross-Appellant, | ) | DEPARTMENT B |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| SELMA CARRILLO FREY, fka SELMA | ) | |
| COHEN, | ) | |
| | ) | |
| Respondent/Appellant/ | ) | |
| Cross-Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause Nos. C20061199 and D045982 (Consolidated)

Honorable David R. Ostapuk, Judge Pro Tempore

AFFIRMED IN PART
REVERSED AND REMANDED IN PART

Lawrence E. Condit, P.C.
  By Lawrence E. Condit                              Tucson
                                           Attorney for Petitioner/
                                    Appellee/Cross-Appellant

Gary S. Kneip                                      Tucson
                                           Attorney for Respondent/
                                    Appellant/Cross-Appellee

E S P I N O S A, Judge.

**¶1** Appellant Selma Carrillo Frey appeals from the trial court's order granting summary judgment in favor of her former husband, Ivan Cohen, dismissing her partition action, refusing to allow Frey to conduct discovery, and denying her relief under Rule 60(c), Ariz. R. Civ. P., 16 A.R.S., Pt. 2, from the terms of her 1983 decree of dissolution.[1] Cohen cross-appeals, claiming the trial court erred in denying his request for attorney fees and by ordering that Cohen could not withdraw from the pending sale of the residence at issue. We affirm the dismissal of Frey's partition action but vacate the grant of summary judgment in favor of Cohen and remand the matter to the trial court. In light of our remand, we do not address Cohen's cross-appeal.

**Factual and Procedural Background**

**¶2** Frey and Cohen were divorced in 1983, following a twenty-one year marriage. During the dissolution proceeding, the parties had negotiated a marital settlement agreement, which, after approval by the court, merged into the decree of dissolution.[2] Paragraph 6 of that agreement read, in pertinent part:

> 6. <u>Sale of Residence</u>. Husband has the right to continue to live in the residence so long as he pleases, and Wife

---

[1]Although the parties refer to Rule 60(c), Ariz. R. Civ. P., 16 A.R.S., Pt. 2, we note, as did the trial court, relief from the decree in a dissolution case is now governed by Rule 85(C), Ariz. R. Family Law P., 17B A.R.S., which is substantively identical to Rule 60(c).

[2]This court has twice noted that this merger occurred and it is now law of the case. *See Cohen v. Mitchell*, No. 2 CA-SA 2004-0019 (decision order filed June 21, 2004), and *In re Cohen and Frey*, No. 2 CA-CV 2005-0012 (memorandum decision filed Nov. 17, 2005). For convenience, we refer to paragraph 6(b) of the decree, although we recognize paragraph 6(b) is actually contained in the settlement agreement, which merged into the decree.

acknowledges and agrees that Husband has the right to live in the residence for a period of indefinite duration; and

a. Husband has the exclusive right to elect to sell the residence rather than to continue to live therein. If Husband does elect to sell the residence and the residence is then sold all net proceeds of the sale shall be distributed one-half to Husband and one-half to Wife.

b. If at any time a contract for the sale of the residence is entered into by Husband, then Husband shall notify Wife of the sale, provided, however, that consent or approval of Wife in respect of the sale is not required, and Husband shall have the right to sell for whatever price and on whatever terms he desires.

In 2003, Cohen filed a petition for an order to show cause in the dissolution action, seeking a declaration of his rights under the merged provisions of the marital settlement agreement. He then moved for summary judgment pursuant to Rule 56, Ariz. R. Civ. P., 16 A.R.S., Pt. 2, raising two issues of law. The trial court granted Cohen's motion on one of the issues, but found the other did not present an actual dispute and declined to address its merits. On appeal, this court agreed "no actual dispute or controversy" had been presented to the trial court and the denial of summary judgment was proper. *In re Cohen and Frey*, No. 2 CA-CV 2005-0012, ¶ 8 (memorandum decision filed Nov. 17, 2005).

¶3        In January 2006, Cohen arranged a sale of the residence to his sister for $100,000,[3] and Frey sought a temporary restraining order to prevent the sale. At the hearing on the request for injunctive relief, Cohen agreed to delay completion of the sale until the

---

[3]The record reflects at least one prior attempt, in the late 1980's, to sell this residence to his sister.

court interpreted the language of paragraph 6(b). Frey then sought to depose the prospective buyer, and Cohen moved for a protective order to prevent her deposition. While the motion for protective order was pending, Frey filed a complaint for partition of the property, which was consolidated with the dissolution action.

¶4        Cohen again moved for summary judgment, claiming the language of paragraph 6(b) gave him the right to sell the residence "for whatever price and on whatever terms he desires." The trial court, apparently without oral argument, granted Cohen's motion, ruling paragraph 6(b) indeed meant Cohen could sell the residence for any price and on any terms. The court also granted Cohen his other requested relief by "vacat[ing] any order preventing the sale of the Property to his sister." Frey appeals from the grant of summary judgment to Cohen, and Cohen cross-appeals from the court's directive that he complete the previously arranged sale.

## Appeal

### a.  Dismissal of Partition Action

¶5        We first address Frey's challenge to the trial court's dismissal of her partition action. We review a trial court's order dismissing a claim for an abuse of discretion, upholding the order "'only if the plaintiff[] would not be entitled to relief under any facts susceptible of proof in the statement of the claim.'" *Dressler v. Morrison*, 212 Ariz. 279, ¶ 11, 130 P.3d 978, 980 (2006), *quoting Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346, 922 P.2d 308, 311 (1996).

4

¶6        The right of partition is an incident of common ownership. *Occhino v. Occhino*, 164 Ariz. 482, 484, 793 P.2d 1149, 1151 (App. 1990). But partition is a statutory procedure and, absent an agreement between the parties to voluntarily divide the property, any remedy must comply with the statutory scheme. *McCready v. McCready*, 168 Ariz. 1, 3, 810 P.2d 624, 626 (App. 1991). Arizona's partition statutes, A.R.S. §§ 12-1211 through 12-1225, provide for a judicial division of disputed property between co-owners or, if "fair and equitable division of the property or any part thereof cannot be made," for "sale of the property which is incapable of partition." A.R.S. § 12-1218(A). If the parties agree to voluntary partition, however, they may include whatever terms they desire. *McCready*, 168 Ariz. at 3, 810 P.2d at 626.

¶7        Relying on *McCready*, Frey contends she is entitled to partition because she and Cohen are tenants in common of the residence.[4] But *McCready* is inapposite. The home in that case had been acquired by the parties "as husband and wife" after their decree of dissolution had been entered and, consequently, "[t]he subject property [in that case] was never 'marital property' and thus [not] subject to any of the provisions of Title 25." *Id*. at 2, 4, 810 P.2d at 625, 627. Because the parties in *McCready* could not agree on how to dispose of the house and it had been acquired after dissolution, the only remedy available was

---

[4]Frey also complains that the trial court's citation of *Simpson v. Superior Court*, 87 Ariz. 350, 351 P.2d 179 (1960), demonstrates it "applied the wrong law." But the trial court appropriately cited *Simpson* to support the point that property settlement agreements, once merged into a decree, are not subject to later modification by the trial court. *Id*. at 354-57, 351 P.2d at 182-84.

that provided in the partition statutes. *Id*. at 3, 810 P.2d at 626. Here, Frey and Cohen voluntarily provided in their property settlement agreement for the future disposal of the residence, and Frey may not invoke the partition statutes to negate that agreement.

**¶8** Furthermore, permitting Frey to compel a sale through a partition action would *de facto* modify the property settlement provisions of the decree, which is not generally permitted under Arizona law. *See LaPrade v. LaPrade*, 189 Ariz. 243, 246, 941 P.2d 1268, 1271 (1997); *In re Marriage of De Gryse*, 135 Ariz. 335, 338, 661 P.2d 185, 188 (1983); *In re Marriage of Gaddis*, 191 Ariz. 467, 469, 957 P.2d 1010, 1012 (App. 1997); *Reed v. Reed*, 124 Ariz. 384, 385, 604 P.2d 648, 649 (App. 1979). Again, the plain language of the decree states: Cohen "has the right to continue to live in the residence so long as he pleases, and Wife acknowledges and agrees that Husband has the right to live in the residence for a period of indefinite duration" and he "has the exclusive right to elect to sell the residence rather than to continue to live therein." If the residence were sold pursuant to a partition action, these rights would be abrogated, contrary to the settlement agreement, the decree, and Arizona law. *See e.g., LaPrade*, 189 Ariz. at 246, 941 P.2d at 1271. Therefore, Frey cannot compel partition of the residence and the trial court did not err in dismissing her partition claim. *See Dressler*, 212 Ariz. 279, ¶ 11, 130 P.3d at 980.

**b. Interpretation of Paragraph 6(b)**

¶9        We next address Frey's contention that the trial court erred by granting Cohen summary judgment based on an incorrect interpretation of paragraph 6(b) of the decree.[5] We review the trial court's ruling de novo. *In re Estate of Lamparella*, 210 Ariz. 246, ¶ 18, 109 P.3d 959, 962 (App. 2005). Summary judgment is appropriate when, viewing the facts in the light most favorable to the non-moving party, there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *Id*. ¶ 18.

¶10        Frey argues the trial court erred by interpreting paragraph 6(b) to mean Cohen may sell the residence at any price and on any terms he desires. Cohen responds "the trial court found no doubt or ambiguity in ¶ 6(b)," and thus, the court's interpretation based on the plain language is correct.[6] We review the trial court's interpretation of an existing decree of dissolution *de novo*. *Danielson v. Evans*, 201 Ariz. 401, ¶ 13, 36 P.3d 749, 754 (App. 2001). A final judgment or decree is "an independent resolution by the court of the issues

_____

[5]We note that summary judgment is a pre-trial motion and was not the appropriate procedural vehicle for the relief Cohen sought. *See* Ariz. R. Civ. P. 56(a), 16 A.R.S., Pt 2. However, Rule 91, Ariz. R. Family Law P., 17B A.R.S., permits post-decree petitions to enforce prior family court orders. Because the procedural irregularity adopted by the parties and the trial court does not affect our resolution of this issue, it is of no moment.

[6]We have twice expressly declined to address this issue during the long history of this case because it was either not the question before us or not part of a justiciable controversy "in the absence of a proposed, pending or completed sale." *In re Cohen and Frey*, No. 2 CA-CV 2005-0012, ¶ 9 (memorandum decision filed Nov. 17, 2005); *Cohen v. Mitchell*, No. 2 CA-SA 2004-0019 (decision order filed June 21, 2004). In this appeal, the issue is now squarely presented and we resolve it.

7

before it and rightfully is regarded in that context and not according to the negotiated intent of the parties." *In re Marriage of Zale*, 193 Ariz. 246, ¶ 11, 972 P.2d 230, 233 (1999).

**¶11** To interpret the decree, we apply the general rules of construction for any written instrument. *Lopez v. Lopez*, 125 Ariz. 309, 310, 609 P.2d 579, 580 (App. 1980). The first step in construing a decree is to determine if it is ambiguous. *Zale*, 193 Ariz. 246, ¶ 13, 972 P.2d at 234. "The meaning of a decree is to be determined from the language used." *Stine v. Stine*, 179 Ariz. 385, 388, 880 P.2d 142, 145 (App. 1994). The decree is ambiguous "only when [the language] can reasonably be construed to have more than one meaning." *Lamparella*, 210 Ariz. 246, ¶ 21, 109 P.3d at 963. "[W]hether . . . language is reasonably susceptible to more than one interpretation . . . is a question of law for the court." *Id*. The language in a decree "should be construed according to [its] natural and legal import," *Lopez*, 125 Ariz. at 310, 609 P.2d at 580, and with reference to related provisions in the decree. *Zale*, 193 Ariz. 246, ¶ 17, 972 P.2d at 234.

**¶12** The language of this decree is subject to more than one reasonable interpretation. Cohen contends the phrase authorizing him to sell the "residence for whatever price and on whatever terms" can have only one meaning: its literal one. But Cohen overlooks that the meaning of language, in part, is derived from its context. *See Lopez*, 125 Ariz. at 310, 609 P.2d at 580 ("The intention of the court must be determined from all parts of the judgment."). Words that may be plain in one context may have a particular meaning in another. Thus, our rules of construction allow us to reject a commonly understood

8

meaning of language when the surrounding language demonstrates the words have a particular import. *Tobel v. State*, 189 Ariz. 168, 174, 939 P.2d 801, 807 (App. 1997). As a corollary to that principle, when interpreting a decree, we may not assign meaning to one provision which would render other provisions meaningless. *Zale*, 193 Ariz. 246, ¶ 17, 972 P.2d at 234; *Stine*, 179 Ariz. at 388, 880 P.2d at 145.

¶13 Under Cohen's and the trial court's literal construction of the phrase "for whatever price on whatever terms," the decree would grant Cohen the discretion to sell the residence at any price, including "for a dime," a point Cohen readily conceded during oral argument. But that interpretation would render Frey's one-half interest in the sale proceeds illusory, and, in so doing, would strip other language in the decree, which carefully articulates the respective interests of Cohen and Frey in the residence, of any meaning. That surrounding language provides Frey with a one-half interest in the net proceeds of any sale of the property. It also imposes a duty on Cohen to notify Frey of such a sale and clarifies that nothing in the decree is intended to encumber the merchantability of the property. If the operative language is interpreted to effectively obliterate Frey's legal interest in the property, there would be no need for any of these provisions in the decree, or any provisions at all beyond the grant of the residence to Cohen in its entirety.

¶14 Nor can Cohen's interpretation of the language be harmonized with the nature of the decree itself. Although we may not consider extrinsic evidence to determine the trial court's intent when it adopted the phrase in question, *Zale*, 193 Ariz. 246, ¶ 10, 972 P.2d at

9

233, that principle should not deter us from construing the decree's language in the context of the court's statutory duty. Before an Arizona court may adopt or incorporate a separation agreement into a decree, both statutory and case law require the court to review the agreement to assure its terms divide the marital property fairly and equitably. A.R.S. § 25-317(D) (court must find separation agreement "not unfair" before setting forth its terms in decree); *see also Keller v. Keller*, 137 Ariz. 447, 448, 671 P.2d 425, 426 (App. 1983) (court may reject property agreements if "unfair or inequitable"). Because we presume the court complied with this duty when issuing the decree, and because the decree therefore must be construed as an effort to articulate a fair and equitable distribution of the property, it makes no sense to read the disputed language here as granting Cohen authority to vitiate Frey's interest in the residence, particularly when it was the only marital asset addressed in the decree.

¶15 Applying the above principles, we construe the decree in a fashion more readily harmonized with its other provisions and its purpose: the phrase authorizing Cohen to sell the residence "for whatever price" must be interpreted in the context of a judicial decree carrying out the terms of an equitable property division. When adopting those words into the decree, the court was entitled to assume that Cohen would attempt to maximize the value of his own one-half share in the proceeds. Because reasonable minds can differ on an appropriate price for a residence and because separation agreements are designed to reduce, if not eliminate, future disputes, the agreement logically granted Cohen, the party who had

10

the discretion to sell in the first instance, the additional discretion to choose a price. Thus, the terms of the decree allow Cohen to sell the residence "at whatever price" within the expected context of a bona fide sale, maximizing both parties' interests in the proceeds.

¶16 In sum, although the decree grants Cohen broad discretion to choose a particular price and terms, that provision cannot be construed to render other language in the decree meaningless, conflict with the trial court's duty to ensure a fair and equitable distribution of property, and undermine Frey's interest in the property. Accordingly, we reverse the trial court's grant of summary judgment to Cohen and remand the case to the trial court for a determination of whether the $100,000 sale price is, in fact, an appropriate one for the sale of this residence, an issue the court did not reach.[7] In light of our remand, the additional issues raised by Frey on appeal, including the trial court's Rule 60(c) and discovery rulings, are moot and we do not address them.

## Cross-Appeal

¶17 In his cross-appeal, Cohen contests the trial court's ruling that he may only withdraw from the sale to his sister for "good cause." However, because we are reversing the court's judgment and this issue is unlikely to arise again in its present form, we do not address it.

---

[7]In seeking to enjoin the sale of the residence to Cohen's sister, Frey proffered evidence that its value was $400,000 and had previously alleged Cohen was substantially indebted to his sister. The trial court declined to address the value of the residence under its literal interpretation of paragraph 6(b) of the decree.

## Attorney Fees

¶18    Both Frey and Cohen complain the trial court erred by refusing to award fees to either party.  We review a ruling on an attorney fee request for an abuse of discretion.  *In re Marriage of Magee*, 206 Ariz. 589, ¶ 6, 81 P.3d 1048, 1049 (App. 2004).  Although both parties castigate each other at length for needlessly prolonging and compounding the litigation, neither has demonstrated that the trial court abused its discretion in denying their attorney fee requests.  *Cf. Modular Sys., Inc. v. Naisbitt*, 114 Ariz. 582, 587, 562 P.2d 1080, 1085 (App. 1977) (mere conclusory assertions error was committed insufficient to preserve argument on appeal).  We see no abuse of discretion in the trial court's denial of fees.

## Disposition

¶19    We affirm the order dismissing Frey's partition action and the trial court's denial of attorney fees to both parties but reverse the grant of summary judgment in Cohen's favor and remand the case to the trial court for further proceedings in accordance with this opinion.  In light of our remand, we do not address Cohen's cross-appeal of a portion of the trial court's order.  Both Cohen and Frey have requested attorney fees on appeal; in our discretion we decline to award fees to either party.

_____
PHILIP G. ESPINOSA, Judge

CONCURRING:

_____
PETER J. ECKERSTROM, Presiding Judge

_____
J. WILLIAM BRAMMER, JR., Judge