NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

GURPREET KANG, *Petitioner/Appellee,*

*v.*

PARMINDER KANG, *Respondent/Appellant.*

No. 1 CA-CV 13-0182
FILED 09-04-2014

Appeal from the Superior Court in Coconino County
No. SO300DO201100615
The Honorable Ted Stuart Reed, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Aspey, Watkins & Diesel, P.L.L.C., Flagstaff
By Louis M. Diesel and Daniella M. Ferrari
*Counsel for Petitioner/Appellee*

Law Office of Benjamin L. Deguire PLLC, Flagstaff
By Benjamin L. Deguire
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Margaret H. Downie joined.

---

**B R O W N,** Judge:

¶1        Parminder Kang ("Father") appeals the trial court's decree of dissolution awarding Gurpreet Kang ("Mother") child support, spousal maintenance, and attorneys' fees. For the following reasons, we affirm the court's awards of spousal maintenance and attorneys' fees. We vacate, however, the court's child support order and remand for further proceedings.

### BACKGROUND

¶2        At the time of the parties' marriage in 2008, Father was a medical resident in Texas and Mother was nearing completion of her medical degree. The parties then relocated to Missouri, where Father worked as an orthopedic fellow.

¶3        In September 2011, Father signed an employment contract with a medical practice group in California that would provide Father with an annual salary of $340,000 but was contingent on Father obtaining a California medical license. Later that month, the parties separated and Father moved to his parents' home in Nevada, while Mother moved to Flagstaff to live with her family. Father applied for and received his Nevada medical license while his application for a California license was still pending. Father subsequently withdrew his application for the California license. At the time of trial, Father was working for a Nevada orthopedic group on a six-month fellowship earning a salary of approximately $130,000.

¶4        Prior to the parties' separation, Mother had completed her medical degree and passed the first of three tests required to become a licensed physician. At the time of trial, she had been unable to pass the second test despite several attempts.

¶5        Mother filed a petition for legal separation in Arizona in October 2011, which was ultimately converted to a dissolution proceeding. After a two-day trial, the court awarded Mother child support of $1,117.96

per month, spousal maintenance in the amount of $5,000 a month for thirty-two months, and $16,133.62 in attorneys' fees. Father filed a timely notice of appeal.

## DISCUSSION

### A.      Child Support Award

¶6          We generally review child support awards for an abuse of discretion. *McNutt v. McNutt*, 203 Ariz. 28, 30, ¶ 6, 49 P.3d 300, 302 (Ariz. App. 2002). In doing so, we "accept the trial court's findings of fact unless they are clearly erroneous, but draw our own legal conclusions from facts found or implied in the judgment." *Id.* (citation omitted).

¶7          The trial court listed Father's income in the child support worksheet as $20,000 per month. The portion of the decree relating to spousal maintenance, however, states that at the time of trial, Father was earning approximately $10,833 per month. Father argues that the worksheet is clearly erroneous. Mother counters that the amount attributed to Father in the worksheet should be upheld because he has an earning capacity of at least $20,000 a month, and the court had discretion to attribute a greater earning potential to Father.

¶8          For purposes of calculating child support, a court has discretion to impute income to a parent "when a parent is unemployed or working below his or her full earning potential . . . if the parent's earnings are reduced voluntarily and not for reasonable cause." *Little v. Little,* 193 Ariz. 518, 521, ¶ 6, 975 P.2d 108, 111 (1999) (citing Appendix to Arizona Revised Statutes ("A.R.S.") section 25-320, Child Support Guidelines (Guidelines) § 5(E)).[1] At trial, the parties disputed whether additional income should be attributed to Father because he signed an employment contract for an annual salary of $340,000 prior to the parties' separation and he had informal discussions with his current employer for a salary of $250,000 upon completion of his fellowship. In the decree, the trial court acknowledged this evidence, but did not address whether it would be appropriate to impute a higher income to Father. In discussing spousal maintenance, the court found that Father makes approximately $10,833 per month and can contribute to Mother's support, but did not make separate findings to explain the substantial difference relating to Father's income for determining child support.

---

[1]      We cite to the current version of the Guidelines because there has been no substantive change to this section since the *Little* decision.

**¶9** Mother argues nonetheless that we may accept the higher income on the child support worksheet for purposes of calculating child support because the trial court had discretion to attribute income to Father based on his voluntary decision to earn less money. Mother's position, however, fails to account for the fact that Father requested findings of fact and therefore the court was obligated to perform the balancing test set forth in *Little,* 193 Ariz. at 522-23, ¶ 13, 975 P.2d at 112-13, if it wished to impute a higher income to Father. *See also Elliott v. Elliot*, 165 Ariz. 128, 132, 796 P.2d 930, 934 (App. 1990) (when a request for findings of fact has been made, the court must "address all of the factors with respect to which the parties presented evidence" and "set forth the mathematical basis of the spousal maintenance award"). A mathematical figure by itself "does not inform an appellate court of the basis for the trial court's decision." *Elliott*, 165 Ariz. at 132, 796 P.2d at 934. There is nothing in the court's findings suggesting it performed any such analysis. *Miller v. Bd. of Supervisors of Pinal County*, 175 Ariz. 296, 299, 855 P.2d 1357, 1360 (1993) ("The reviewing court needs a sufficient factual basis that explains how the trial court actually arrived at its conclusion.").

**¶10** Accordingly, we conclude that the trial court did not make adequate findings supporting the $20,000 per month income figure used in the child support worksheet. We therefore vacate the superior court's child support order and remand for additional findings of fact and, if necessary, re-calculation of the child support award.

### B. Spousal Maintenance Award

**¶11** Father argues the trial court erred in awarding any spousal maintenance to Mother, and alternatively, he contends the amount and duration of the award were excessive. We review the award of spousal maintenance for an abuse of discretion, *Cullum v. Cullum,* 215 Ariz. 352, 354, ¶ 9, 160 P.3d 231, 233 (App. 2007), and, in doing so, view the evidence in the light most favorable to Mother, *Gutierrez v. Gutierrez,* 193 Ariz. 343, 348, ¶ 14, 972 P.2d 676, 681 (App. 1998). We will affirm the court's rulings if there is any reasonable evidence to support them. *Id.* We do not re-weigh conflicting evidence or re-determine the preponderance of the evidence on appeal. *Hurd v. Hurd,* 223 Ariz. 48, 52, ¶ 16, 219 P.3d 258, 262 (App. 2009).

¶12 The trial court may award spousal maintenance when any one of the four factors listed in A.R.S. § 25-319(A)[2] is present. Here, the court found that Mother: (1) lacked sufficient property to provide for her reasonable needs; (2) was unable to be self-sufficient through appropriate employment; and (3) was the custodian of a child whose age is such that she should not be required to seek employment outside the home.

¶13 Father does not dispute that Mother was awarded no property, as the parties had no assets to divide. This factor alone supports the court's finding that Mother is entitled to an award of spousal maintenance pursuant to A.R.S. § 25-319(A)(1). *Gutierrez*, 193 Ariz. at 348, ¶ 17, 972 P.2d at 681 (explaining that "spousal maintenance may be awarded where any one of the four factors is present").

¶14 The evidence also supports the trial court's implicit finding that it would take time for Mother to become self-sufficient through appropriate employment. *See* A.R.S. § 25-319(A)(2). Mother testified she made reasonable attempts to find employment since the parties' child was born prematurely in March 2012, but has been unsuccessful. Mother also explained she intends to complete the additional requirements to become a practicing physician; however, it would take at least a year and a half to do so.

¶15 Father contends the trial court erred in finding Mother made diligent efforts to find employment. He argues that Mother holds a medical degree, is in good health, and should be able to find suitable employment. Although Father challenges Mother's testimony that she has unsuccessfully applied to many non-medical positions, she offered into evidence several rejection letters she had received from prospective employers. We defer to the court's determination of the credibility of witnesses, *see Gutierrez*, 193 Ariz. at 347, ¶ 13, 972 P.2d at 680, and therefore find no abuse of discretion.

---

[2] As set forth in A.R.S. § 25-319, the court may order spousal maintenance if it finds that the spouse seeking maintenance: (1) lacks sufficient property to provide for that spouse's reasonable needs, (2) is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient, (3) contributed to the educational opportunities of the other spouse, or (4) had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

¶16        Father also challenges the trial court's finding that Mother "has passed the first of three tests necessary for her to be admitted to the practice of medicine and employable as a medical doctor." This finding is relevant to several factors such as: Mother's earning ability, the parties' comparative financial resources, Mother's financial resources, and the time needed to acquire sufficient education or training to enable Mother to find appropriate employment. *See* A.R.S. § 25-319(B)(3), (5), (9), and (10). Father testified that one can begin a paid medical residency having passed only the first and second licensing exams. Thus, Father contends, Mother need only pass the second exam before she can apply to paid residency programs. However, Mother did not testify as to what was possible in general; her testimony was specific to her situation of having custody of an infant child. She explained that under these circumstances it would take longer for her to complete these requirements than Father claimed. The court accepted Mother's explanation. Viewing the evidence in light most favorable to Mother, the record supports this finding.

¶17        Father also challenges the trial court's findings that each exam costs $2,000 and that Mother anticipates spending $5,000 for a review class. Because the parties presented conflicting evidence as to the cost of these exams and the need for Mother to take a review course, the court did not abuse its discretion.

¶18        Regarding Father's ability to pay spousal maintenance and the parties' comparative financial resources, Father contends the trial court failed to consider his ability to meet his own needs while paying maintenance. *See* A.R.S. § 25-319(B)(4). Father also argues the court did not consider his own student loan debt. Although Father testified that he had approximately $230,000 in student loan debt and was currently making payments, he failed to disclose the amount of his monthly obligation either through his trial testimony or an updated affidavit of financial information ("AFI").

¶19        Father also argues the trial court did not consider a $10,000 advance he must repay to the California practice group or the debts he was ordered to pay in the decree. Appellate courts presume that a trial judge has considered the evidence presented before making a decision. *Fuentes v. Fuentes*, 209 Ariz. 51, 55-56, ¶ 18, 97 P.3d 876, 880-81 (App. 2004). As such, we presume that the court was aware of these obligations when the court determined the amount of the spousal maintenance award.

¶20        Father's AFI supports the trial court's finding that his monthly expenses were $1,631, even though the AFI was dated and did not

reflect any student loan obligation. Father's AFI also did not include any of the other expenses he claims the court failed to consider. The trial court found that Father had no housing expenses and none are listed in his AFI. The court also found that Mother lived with her family and had no rent or living expenses. Thus, we reject Father's argument that the trial court "completely ignored" Mother's lack of living expenses. The fact that Mother has minimal living expenses because she is dependent on her family for support does not mean, as Father suggests, that Mother has no need for spousal maintenance. One of the purposes of spousal maintenance is to help a spouse achieve financial independence. *Gutierrez,* 193 Ariz. at 349, ¶ 24, 972 P.2d at 682. This cannot be accomplished if Mother must rely on her family to pay her living expenses. Mother appropriately included anticipated living expenses in her AFI and the court considered these expenses in determining the amount of spousal maintenance. Father, on the other hand, listed no anticipated living expenses in his AFI. The trial court's findings regarding the parties' living expenses do not constitute an abuse of discretion.

**¶21** Father contends that the trial court abused its discretion in considering the parties' ability to contribute to the child's future education costs because the child is an infant and future contributions are highly speculative. Ability to contribute to future education costs is an appropriate consideration under A.R.S. § 25-319(B)(8). The trial court found that, essentially, Mother's ability to contribute to future education costs was uncertain and Father's ability would improve in the future. Based on the record, we find no abuse of discretion.

**¶22** Regarding the duration of the award, Father argues that it constitutes an incentive for Mother to delay completing her residency and is excessive in light of the short marriage. The trial court accepted Mother's testimony that she anticipated starting her residency in July 2015. That date is two and one-half years from when the decree was entered, which roughly corresponds to the length of the support award. We therefore find no abuse of discretion. *See Gutierrez,* 193 Ariz. at 347, ¶ 13, 972 P.2d at 680.

**¶23** Father argues that this award is inconsistent with spousal maintenance awards in other cases and the Spousal Maintenance Guidelines adopted in Maricopa County.[3] The trial court determines spousal maintenance awards on a case-by-case basis and, even in Maricopa County, is not bound by spousal maintenance guidelines. *See Cullum,* 215

---

[3] Father provides no citation indicating that such guidelines are still in effect.

Ariz. at 356, ¶ 17, 160 P.3d at 235 (explaining that the purpose of the guidelines is to give the court and the parties a starting point for discussion and are not intended to "replace the court's obligation to consider the specific evidence and statutory factors"). We therefore affirm the spousal maintenance award to Mother.

## C. Attorneys' Fees

**¶24** Pursuant to A.R.S. § 25-324(A), a court may award attorneys' fees and costs in a dissolution proceeding after considering the parties' financial resources and the reasonableness of their positions throughout the litigation. We review the award of fees for an abuse of discretion. *See Cohen v. Frey*, 215 Ariz. 62, 68, ¶ 18, 157 P.3d 482, 488 (App. 2007).

**¶25** The trial court awarded Mother $16,133.62, which was approximately half of the attorneys' fees she requested, after finding there was a substantial disparity in the parties' financial resources. The court also found that Father acted unreasonably in filing a motion to dismiss Mother's petition for legal separation without an adequate basis, but noted that the motion was "one relatively small component of the entire litigation in this matter."

**¶26** Father argues that Mother took unreasonable positions at trial, such as seeking a spousal maintenance award of $6,000 a month for six years; alleging Father's income for purposes of child support should be $500,000 per year; and demanding that Father pay all her student loans. He also contends that his motion to dismiss was meritorious and therefore not unreasonable.[4] Father did not request, however, that the trial court enter findings explaining what portion of the fee award was based on financial disparity and what portion was based on Father acting unreasonably in the litigation. *See* A.R.S. § 25-324(A) ("On request of a party . . . the court shall

---

[4] Specifically, Father argues the trial court lacked jurisdiction because Mother was not domiciled in Arizona for ninety days at the time she filed her petition for separation and he filed a petition for dissolution in Nevada before the trial court converted Mother's petition for separation to a petition for dissolution. Father raises this issue only within the context of challenging the award of attorneys' fees to Mother and expressly states that he is not seeking to have the decree of dissolution reversed or vacated despite the alleged lack of subject matter jurisdiction. More importantly, on February 2, 2012, Father and Mother stipulated to a dismissal of the Nevada action with prejudice. The matter is therefore moot and we need not address it.

make specific findings concerning the portions of any award of fees and expenses that are based on consideration of financial resources and that are based on consideration of reasonableness of positions."). The record supports the court's conclusion that at the time of trial, Father had "considerably more financial resources available" than Mother. The court therefore acted within its discretion in directing Father to pay a portion of Mother's fees and costs.

¶27 Both parties request an award of attorneys' fees and costs on appeal, but only Mother cites the relevant authority for her request. *See* A.R.S. § 25-324(A). In any event, neither party has taken an unreasonable position on appeal and we have no current information regarding the parties' financial resources. Accordingly, in the exercise of our discretion, we decline to award attorneys' fees or costs to either party.

CONCLUSION

¶28 Based on the foregoing, we affirm the trial court's decree of dissolution except for the child support award because the court failed to make adequate findings supporting Father's monthly income. We therefore vacate that portion of the decree and remand for further proceedings consistent with this decision.