NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

JUNE M. MCCLURE, *Petitioner/Appellee,*

*v.*

ROY E. MCCLURE, *Respondent/Appellant.*

No. 1 CA-CV 14-0782 FC
FILED 4-25-2016

Appeal from the Superior Court in Maricopa County
No. FN2006-001680
The Honorable Susan M. Brnovich, Judge

**AFFIRMED**

COUNSEL

Steven G. Clark PC, Phoenix
By Steven G. Clark
*Counsel for Petitioner/Appellee*

Law Office of Patricia A. Hubbard, Phoenix
By Patricia A. Hubbard, Michael Reaves
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Randall M. Howe joined.

**T H U M M A**, Judge:

¶1        Appellant Roy E. McClure (Husband) appeals the superior court's order directing him to pay appellee June M. McClure (Wife) $158,000 for unpaid rent. Because Husband has shown no error, the order is affirmed.

## FACTS AND PROCEDURAL HISTORY

¶2        When Husband and Wife divorced in 2009, the court entered a consent decree awarding Wife commercial property consisting of land and a building (the Property). At that time, the building was occupied by the parties' business, Action Motor Sports (AMS). Wife waived all interest in AMS, and the decree provided that Husband had a two-year lease for the Property, paying Wife $7,000 per month the first year and $12,000 per month the second year.

¶3        In 2014, Wife filed a petition to enforce the decree and hold Husband in contempt for his failure to make the monthly payments. Husband argued AMS (not Husband) was obligated to make the payments and AMS' bankruptcy filing days after the entry of the decree ended that obligation. Husband also argued Wife "failed to mitigate her damages by refusing to lease out [the Property] to others who inquired about" it, and that laches precluded Wife's claim because she knew in August 2009 that Husband had stopped paying rent.

¶4        After an evidentiary hearing, the court ruled the decree obligated Husband to make the payments, meaning AMS' bankruptcy did not alter that obligation. Rejecting Husband's mitigation and laches arguments, the court then ordered Husband to pay Wife the remaining unpaid payments totaling $158,000.

¶5        From Husband's timely appeal, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1) and -2101(A)(1) (2016).[1]

## DISCUSSION

¶6        Husband argues the superior court erred as a matter of law by ruling Wife had no duty to mitigate. This court reviews de novo the interpretation of a decree, applying the general rules of construction for any written instrument. *Cohen v. Frey*, 215 Ariz. 62, 66 ¶¶ 10-11 (App. 2007). The first inquiry is whether the decree is ambiguous when construed according to the natural and legal import of its language. *Id.*

¶7        After awarding the Property to Wife, the decree provides:

> Wife waives all interest in the businesses of Northern Auto and [AMS]. However, Wife is the owner of the [P]roperty that [AMS] sits upon. As such, the parties agree that Husband shall have a two year lease with Wife as the landlord under the following rents:
>
>> For the first year, Husband shall pay $7,000.00 per month for rent.
>>
>> For year two, Husband shall pay $12,000.00 per month for rent.
>>
>> Wife shall be responsible for the property taxes.
>
> Furthermore, Husband shall have the first option to purchase the [P]roperty. Said purchase shall be for the fair market value with an appraisal done by an appraiser of Wife's choice.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated. The order Husband appeals from is not one for contempt as Wife asserts, but an appealable special order after final judgment. *See In re Marriage of Dorman*, 198 Ariz. 298, 300 ¶ 3 (App. 2000) (noting order relating to enforcement of judgment may be appealable as special order after judgment).

¶8        The decree does not expressly require Wife to mitigate damages caused by Husband's failure to make the required monthly payments. It is therefore not ambiguous and not subject to more than one reasonable interpretation regarding that topic. *In re Marriage of Johnson and Gravino*, 231 Ariz. 228, 233 ¶ 16 (App. 2012) ("A decree is ambiguous only when [its language] can reasonably be construed to have more than one meaning.") (citation omitted).

¶9        Husband asserts the decree created a commercial lease relationship, thereby imposing an implied obligation to use reasonable efforts to mitigate damages. *See Dushoff v. Phoenix Co.*, 22 Ariz. App. 445, 449 (1974) ("We hold that in a commercial lease transaction, if the tenant abandons the premises, the landlord is under a duty to make reasonable efforts to rent it at a fair rental."). The language of the decree, however, is not reasonably susceptible to creating a commercial lease relationship with corresponding obligations as landlord and tenant. There is, for example, no suggestion that the rights and duties in the decree could be assigned and delegated, as with a commercial lease. Moreover, a properly-entered decree is not a contract but, rather, "an independent resolution by the court of the issues before it and rightfully is regarded in that context and not according to the negotiated intent of the parties." *In re Marriage of Zale*, 193 Ariz. 246, 249 ¶ 11 (1999). Husband cites no authority for the proposition that these decree obligations are accompanied by obligations implied in a commercial lease. In short, as applicable here, a divorce decree is not the same as a commercial lease for real estate. Because the decree did not expressly impose a mitigation obligation and did constitute a commercial lease, and because the parties never entered into a commercial lease for the Property, the superior court did not err in rejecting Husband's mitigation argument.[2]

¶10        The superior court did not specifically address laches, but necessarily rejected the defense by ruling in Wife's favor. Husband has not shown this was an abuse of discretion. *See Rash v. Town of Mammoth*, 233 Ariz. 577, 583 ¶ 17 (App. 2013). Laches bars an action only when the plaintiff's lack of diligence causes prejudice to the defendant. *Meyer v.*

---

[2] On the record before this court, Husband's argument fairs no better factually. Although Husband disputes Wife's argument that she discharged any mitigation obligation, he did not provide the transcript from the evidentiary hearing, meaning there is no evidentiary support for his argument that Wife failed to mitigate. And because Husband's specific mitigation argument fails on this record, there is no need to address other arguments, in equity or law, that could have been made that might have imposed a mitigation obligation.

*Warner*, 104 Ariz. 44, 47 (1968) (citation omitted). Husband did not assert any such prejudice, and his failure to provide a transcript of the evidentiary hearing requires this court to presume the evidence received supports the superior court's ruling. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

## CONCLUSION

¶11        Because Husband has shown no error, the superior court's order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama