NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SCOTT E. HOWITT, *Petitioner/Appellant,*

*v.*

PAMELA A. WRINKLE, *Respondent/Appellee.*

No. 1 CA-CV 17-0760 FC
FILED 10-18-2018

Appeal from the Superior Court in Maricopa County
No. FN2012-091539
The Honorable Theodore Campagnolo, Judge

**REVERSED AND REMANDED**

COUNSEL

Berkshire Law Office, PLLC, Tempe
By Keith Berkshire, Erica L. Gadberry
*Counsel for Petitioner/Appellant*

Pamela A. Wrinkle, Phoenix
*Respondent/Appellee*

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

**M O R S E**, Judge:

**¶1**        Scott Howitt ("Husband") appeals from the family court's order denying his petition to modify his spousal maintenance obligation to Pamela Wrinkle ("Wife"). For the following reasons, we reverse and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2**        The parties were married in 1984. They were divorced in 2012 by a consent decree, which they filled out using a form provided by the Maricopa County Superior Court.[1] As relevant on appeal, the court ordered Husband to pay spousal maintenance of $1,100 per month for 15 years.[2] At section 10 of the findings the decree provides:

> **If spousal maintenance is to be awarded, the parties further agree**:
>         Spousal maintenance awarded shall be modified in accordance with Arizona law, **OR**
> X        The parties acknowledge that the circumstances of their futures are unknown, but each desires that this maintenance award, so awarded by their agreement, not be modified in the future for any reason. Therefore, it is at this time ordered that this spousal maintenance award shall NOT be modifiable for any reason.

Further down the same page, though, section 4 of the orders provides:

---

[1]        The parties were ordered to appear at an early resolution conference at 1:30 p.m. on August 23, 2012. The (signed) decree was entered by the clerk at 3:36 p.m. that same day.

[2]        The parties further agreed that spousal maintenance would increase to $1,700 per month "upon the [sale] of the house."

In accordance with the parties' agreements,

<u>X</u>      The spousal maintenance award shall be modifiable in accordance with Arizona law, **OR**

         The spousal maintenance award shall NOT be modifiable for any reason.

**¶3**          In 2017, Husband filed a petition to modify the spousal maintenance award, alleging changed circumstances based on a recent cancer diagnosis.[3] *See* Ariz. Rev. Stat. ("A.R.S.") § 25-327(A).  Wife objected, arguing that the spousal maintenance award was non-modifiable per the decree.  The family court agreed with Wife and rejected the petition.

**¶4**          Husband moved for reconsideration, contending that the court orders in the decree specify that the maintenance award is modifiable, or at the very least, the decree presented a "contradiction of sorts" regarding modifiability that "should allow for considerable review."[4]  Again, Wife objected, asserting (among other things):

> It is my understanding that the divorce decree was never intended to be modifiable.  I believe that [it] is stated in the earlier part of the document.  A possible mistake was made later in the document that wasn't caught by anyone present at the time including [Husband].  I believe he is now using this as a reason to not honor our mutually agreed upon arrangement.

The family court denied the motion, reasoning as follows:

> In order to harmonize and effectuate the Decree, Section 4 Orders that the spousal maintenance award is either modifiable or non-modifiable according to the agreement of the parties.  Section 10 of the Findings clearly shows that the parties agreed that the spousal maintenance award was non-

---

[3]      The form-based petition stated: "You **cannot** ask for a change in spousal maintenance/support if you signed an agreement that says that spousal maintenance/support cannot be changed or modified." (Emphasis in original.)

[4]      Ultimately, the family court considered the motion as one filed pursuant to Arizona Rules of Family Law Procedure 83, 84, and 85.  In the context of this case, however, the characterization of Husband's post-ruling motion is a distinction without a difference.

modifiable. Any other interpretation would require the introduction of parol or extrinsic evidence to change the terms of the Decree.

**¶5** Husband timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

**¶6** We review de novo questions of law, including those involving interpretation of a decree or statute. *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007); *In re Marriage of Waldren*, 217 Ariz. 173, 175, ¶ 6 (2007).

**¶7** As Husband points out, a spousal maintenance award is presumed to be modifiable (upon a showing of changed circumstances that are substantial and continuing) unless the parties specifically agree otherwise. A.R.S. §§ 25-319(C), -327(A); *Schroeder v. Schroeder*, 161 Ariz. 316, 323 (1989); *Waldren*, 217 Ariz. at 175, ¶ 9. At issue here is whether the decree evinces such an agreement. *See Waldren,* 217 Ariz. at 175, ¶ 9 (discussing A.R.S. §§ 25-319(C) and -317(G)). The decree—which delineates the spousal maintenance award as both modifiable and non-modifiable—is ambiguous. *See Cohen,* 215 Ariz. at 66, ¶ 11 (a decree is ambiguous if it "can reasonably be construed to have more than one meaning") (quoting *In re Estate of Lamparella*, 210 Ariz. 246, 250, ¶ 21 (App. 2005)); *see also In re Marriage of Johnson & Gravino,* 231 Ariz. 228, 233, ¶¶ 16-17 (App. 2012). We agree with Husband that this ambiguity cannot be resolved without (impermissibly) considering extrinsic evidence of intent. *Cf. In re Marriage of Zale*, 193 Ariz. 246, 249-50, ¶¶ 10-15 (1999) (noting that it was error to consider parol evidence to resolve a dispute about the duration of an award of spousal maintenance).

**¶8** Attempting to "harmonize" the conflicting sections, the family court held that section 10 of the findings took precedence over section 4 of the order because "Section 10 of the Findings clearly shows that the parties agreed and that the spousal maintenance award was non-modifiable." However, the opposite could also be said—that section 4 of the order "clearly shows" that the parties agreed that the spousal maintenance award was to be *modifiable.* The two sections are diametrically opposed and cannot be read in harmony with one another. A court may not assign a meaning to one provision that would render another meaningless. *See Cohen*, 215 Ariz. at 66, ¶ 12. We cannot say, looking within the four corners of the Decree, which section controls, or, said differently, which "X" is in the "right" place.

4

**¶9** It appears that there was a clerical error in the drafting of the document. Before a court can determine whether the maintenance award is modifiable or non-modifiable, this error must first be corrected. A family court can correct a clerical error—i.e., "to show what the court actually decided but did not correctly represent in the written judgment"—at any time. *Egan-Ryan Mech. Co. v. Cardon Meadows Dev. Corp.,* 169 Ariz. 161, 166 (App. 1990) (interpreting Ariz. R. Civ. P. 60(a)); Ariz. R. Fam. L. P. 85(A). In correcting a clerical error, the family court should look outside the decree to other documents in the record. *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 8 (2017). We therefore remand to the family court to correct the apparent clerical error in the decree. If the court determines that the award is modifiable, it should consider the merits of Husband's petition to modify. To be clear, the party seeking modification bears the burden of proving changed circumstances by comparison with the circumstances existing at dissolution, *Scott v. Scott*, 121 Ariz. 492, 494 (1979); *Richards v. Richards*, 137 Ariz. 225, 226 (App. 1983), and the question whether circumstances have changed lies with the family court, *Schroeder,* 161 Ariz. at 323.

**¶10** That said, we note that Wife referred to the issue of arrearages below and in her answering brief. Spousal maintenance payments that accrued before Husband filed his petition to modify were vested when due and are not subject to modification. *See In re Marriage of Priessman*, 228 Ariz. 336, 340, ¶ 13 (App. 2011) (discussing § 25-327(A)). A spousal maintenance obligation may be enforced by a contempt proceeding. *Danielson v. Evans*, 201 Ariz. 401, 411, ¶ 37 (App. 2001); *see generally* Ariz. R. Fam. Law P. 92.

**CONCLUSION**

**¶11** For the foregoing reasons, we reverse and remand for proceedings consistent with this decision. In our discretion, we deny Husband's request for attorneys' fees on appeal. *See* A.R.S. § 25-324(A). We award costs to Husband upon compliance with Arizona Rule of Civil Appellate Procedure 21.

