NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CLARK G. SCHWARTZKOPF, *Petitioner/Appellant*,

*v.*

ELOISE M. SCHWARTZKOPF, *Respondent/Appellee*.

No. 1 CA-CV 20-0553 FC
FILED 12-28-2021

Appeal from the Superior Court in Maricopa County
No. FC2016-001807
The Honorable Kerstin G. LeMaire, Judge

**AFFIRMED**

COUNSEL

Law Office of Brad Reinhart LLC, Phoenix
By Brad Reinhart
*Counsel for Petitioner/Appellant*

Eloise M. Schwartzkopf, Chandler
*Respondent/Appellee*

## MEMORANDUM DECISION

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Jennifer M. Perkins and Judge Maria Elena Cruz joined.

**B A I L E Y**, Judge:

¶1            Clark G. Schwartzkopf ("Father") appeals the superior court's denial of his petition to enforce terms in the decree dissolving his marriage to Eloise M. Schwartzkopf ("Mother"). For the reasons stated below, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            Before the superior court issued a decree of dissolution, the parties reached two agreements under Arizona Rule of Family Law Procedure ("Rule") 69. The first Rule 69 agreement awarded to Mother funds in Schwab account #1440 to establish two equal educational savings accounts for the parties' two children. These "529 accounts" allow parents to take advantage of tax savings authorized by federal law. *See* 26 U.S.C. § 529. Mother also agreed to provide Father with evidence that the accounts were "opened as restricted educational accounts for the benefit of the two children." The second Rule 69 agreement awarded the parties' Jeep to Father.

¶3            At the time of trial, Mother had not yet created the 529 accounts; instead, she had transferred funds from the parties' joint Schwab account #1440 into a single Schwab account—account #0138. Nor had Mother provided Father any information on the expenses paid from this account. Father asked the court to award Schwab account #1440 to him so he could set up and oversee the 529 accounts. Mother testified that she maintained Schwab account #0138 as a college fund for the children but had not split it into two 529 accounts upon the recommendation of an "advisor" because the parties' younger child might not attend college. According to Mother, she used funds from that account exclusively for college expenses.

¶4            The decree acknowledged that Mother had not put funds from Schwab account #1440 into two equal 529 accounts, despite the provision in the Rule 69 agreement requiring her to do so. The decree ordered Mother to "provide a detailed accounting to Father of all

expenditures from the account(s) into which she deposited the Schwab account [#]1440 funds" within thirty days. The decree stated, "If the parties do not agree to continue with the existing arrangement for these funds, then Mother must comply with the Rule 69 Agreement I and create two 529 plans within 75 days . . . ." Mother was subject to sanctions of $100 per day if she failed to comply. The decree also awarded the Jeep to Father, consistent with the second Rule 69 agreement.

¶5        Mother emailed a summary accounting to Father thirty-one days later. Father did not raise any issues with the accounting or the college funds until nearly eighteen months later, when his attorney sent a letter to Mother's attorney. This letter stated that Mother had not provided proof that she created the 529 accounts or how she was spending the college funds. Father asked for a current account balance and statements from the last year. In the letter, Father also claimed that Mother sold the hard top that went to his Jeep. He asked to be reimbursed for the replacement cost.

¶6        When Mother failed to respond, Father petitioned to enforce these provisions and others in the decree. After an evidentiary hearing, the superior court found that, by waiting more than a year before sending his letter, Father had waived any objection to Mother maintaining the college funds in one account. The court then denied sanctions. The court also found that, although Mother's accounting was "crude" and could have been more detailed, it sufficed and did not warrant sanctions. The court did not address the Jeep hard top.

¶7        Father timely appealed, and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

**DISCUSSION**

¶8        We review rulings on petitions seeking post-decree relief for an abuse of discretion. *See In re Marriage of Priessman*, 228 Ariz. 336, 338, ¶ 7 (App. 2011); *see also* Ariz. R. Fam. Law P. 91 to 91.6 (providing for enforcement or modification of family court orders). An abuse of discretion exists when the record, viewed in a light most favorable to upholding the court's decision, fails to support the decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999).

I.        529 Accounts

¶9        Father argues the superior court abused its discretion by interpreting the decree in a manner inconsistent with the parties' first Rule 69 agreement. According to Father, the decree incorporated the terms of

the first Rule 69 agreement, thereby requiring Mother to set up two 529 accounts. When interpreting a decree, "we apply the general rules of construction for any written instrument." *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 11 (App. 2007) (citation omitted). We first consider whether the language used is ambiguous. *Id.* Language is ambiguous when it can be reasonably construed to have more than one meaning, given the "natural and legal import" of the language when read with "related provisions in the decree." *Id.* (citations omitted). This is a question of law we review *de novo*. *Id.* (citation omitted).

**¶10** The decree incorporated by reference the Rule 69 agreement, but the superior court found that Mother had not created the 529 accounts as that agreement required. Instead, Mother maintained Schwab account #0138 as the children's college fund, paying expenses from that account. But in the decree, the court ordered Mother to comply with the Rule 69 agreement only if the parties did not agree to continue with this "existing arrangement for these funds." In other words, the record showed that the "existing arrangement" differed from the Rule 69 agreement and the court allowed that "existing arrangement" to continue absent a disagreement. In this context, the decree was not ambiguous. The specific terms in the decree modified the Rule 69 agreement.

**¶11** Father argues this interpretation improperly modifies the decree, in violation of A.R.S. § 25-327(A), which provides the property allocation in a decree may be modified only if there are conditions that justify reopening the judgment. Section 25-327(A) is not implicated. As noted above, the decree modified the parties' Rule 69 agreement by allowing Mother to maintain the funds in Schwab account #0138 absent disagreement. Father failed to challenge or object to the decree on the basis that it improperly modified the Rule 69 agreement. He waived this objection, and, thus, we do not address whether the decree violated § 25-317(F), which bars modification of a property settlement agreement incorporated into a decree.

**¶12** Father argues that he could not have objected sooner because he was unaware that Mother had not created two 529 accounts. However, it was undisputed at trial that the funds were in the single Schwab account #0138. And Mother's May 2018 accounting showed that the funds were still in a single account. Father also contends that he did not have to restate his disagreement *after* the decree because his position was clear from the Rule 69 agreement and his trial testimony. The decree explicitly required Mother to create two 529 accounts only if the parties did "not agree to continue with the existing arrangement." This language shows the superior court rejected

Father's position at trial. Thus, we are not persuaded by Father's contention that he did not have to object after the decree. In any event, Father did not object to the "existing arrangement" until the letter from his attorney approximately eighteen months after the decree issued. The court did not abuse its discretion in considering this late objection untimely. For these reasons, we affirm the ruling that Father waived his objections to Mother maintaining the college funds in Schwab account #0138.

## II.    Detailed Accounting

¶13        Father contends the superior court abused its discretion by failing to sanction Mother because she did not provide a detailed accounting as ordered in the decree. After issuance of the decree, Mother emailed Father an "accounting for the Schwab fund as ordered by the court." The email included a screen shot of the Schwab account #0138 transactions from October 2017 to May 2018; statements from the older child's university student account showing charges and payments; a screen shot from Mother's personal bank account statement showing cash deposits made from that account into the older child's bank account; and a summary of the various categories of expenses and corresponding amounts Mother paid from Schwab account #0138. Mother informed Father that she had receipts for all expenses if he wanted to see them. He never asked to see the receipts.

¶14        Father argues the superior court's denial of sanctions is contrary to its finding that Mother's accounting was "crude." Despite its characterization of Mother's accounting, the court found that she showed all expenditures. That is all the decree required. Father did not immediately object or request more information after receiving the May 2018 email. Nor did the decree require Mother to provide additional accountings after thirty days. Thus, Mother did not violate the accounting provision in the decree, and the superior court did not abuse its discretion by declining to award sanctions.

## III.    Jeep Hard Top

¶15        Father argued Mother violated the decree by selling the hard top that belonged to the Jeep awarded to Father in the decree. He sought reimbursement for the replacement cost. The superior court's ruling did not address this issue.

¶16        We presume the court denied any relief not expressly granted. *See State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22 (App. 2012). The record supports the denial of Father's reimbursement request. Mother

testified that Father gave the Jeep hard top to their daughter (who also owned a Jeep), and Mother later sold the daughter's Jeep with the hard top. Although Father claimed to have text messages disputing the gift allegation, he apparently did not provide them to the court. The court was within its discretion as the fact finder to accept Mother's testimony. On appeal, we do not reweigh conflicting evidence or determine witness credibility. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). We affirm the implicit denial of Father's reimbursement claim.

IV.    Attorneys' Fees and Costs

**¶17**        Mother requests an award of attorneys' and legal document preparer's fees and costs on appeal under A.R.S. § 25-324. In the exercise of our discretion, we deny Mother's request for fees, but award taxable costs under A.R.S. § 12-342 upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶18**        We affirm the denial of Father's petition to enforce provisions in the decree.

