NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SANDRA R. GAVALDON, *Petitioner/Appellee*,

*v.*

JOSE G. GAVALDON, JR., *Respondent/Appellant*.

No. 1 CA-CV 22-0302 FC
FILED 11-8-2022

Appeal from the Superior Court in Maricopa County
No. FC2011-090133
The Honorable David E. McDowell, Judge

**AFFIRMED**

COUNSEL

Popp Law Firm, P.L.C., Tempe
By James S. Osborn Popp
*Counsel for Petitioner/Appellee*

Raymond S. Dietrich, PLC, Phoenix
By Raymond S. Dietrich
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Judge Peter B. Swann joined.

---

**C R U Z**, Judge:

¶1        Jose G. Gavaldon, Jr. ("Husband") appeals the superior court's post-dissolution order in favor of Sandra R. Gavaldon ("Wife") that Husband's undisclosed defined contribution savings plan be divided via a qualified domestic relations order ("QDRO"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Husband and Wife divorced in 2012. In 2020, Wife petitioned for entry of a QDRO against Husband's Arizona Pipe Trades Pension Trust Fund pension plan. The superior court ruled in favor of Wife and in early 2021 entered a QDRO against the pension plan.

¶3        Later that year, Wife contacted the administrator of the pension plan about the QDRO and discovered that Husband also had an Arizona Pipe Trades Defined Contribution savings plan ("savings plan") that she had been unaware of. Wife petitioned for division of the savings plan as an omitted asset.

¶4        The superior court held an evidentiary hearing. The court found Husband's testimony that he had disclosed the savings plan to Wife unpersuasive, found that the savings plan was an omitted asset, and awarded Wife one-half of the community's interest in the savings plan. The court ordered the savings plan to be divided by a QDRO. It awarded Wife attorneys' fees and costs based on disparity of financial resources and the unreasonableness of Husband's position in the litigation. *See* Ariz. Rev. Stat. ("A.R.S.") section 25-324. Husband appealed, and after entry of a final judgment, we have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶5        Husband argues the savings plan was not an omitted asset under A.R.S. § 25-318(D) because the 2012 divorce decree awarded the plan

to Husband. Husband argues the savings plan was his sole and separate property because of a catchall clause in the decree, which provided:

> Each party shall retain as his or her sole and separate property any **disclosed** savings, checking or other financial account held in that party's name.

(Emphasis added.) The decree contained no express reference to the savings plan. Nor was the savings plan mentioned in the superior court's pre-decree minute entry ruling, wherein the court ordered Husband's pension plan to be divided by a QDRO.

¶6      We review the superior court's interpretation of a dissolution decree de novo. *Cohen v. Frey*, 215 Ariz. 62, 66, ¶ 10 (App. 2007). We review the superior court's factual findings for clear error. *Ahwatukee Custom Ests. Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). The determination of witness credibility and the resolution of conflicting evidence are functions of the superior court. *Lee v. Lee*, 133 Ariz. 118, 123 (App. 1982).

¶7      The superior court may divide an asset omitted from a decree of dissolution under A.R.S. § 25-318(D), which provides:

> The community, joint tenancy and other property held in common for which no provision is made in the decree shall be from the date of the decree held by the parties as tenants in common, each possessed of an undivided one-half interest.

¶8      Here, the superior court found that the savings plan was omitted from the decree, and even if it was a "financial account" that could be subject to the catchall provision, that provision did not apply because the savings plan had not been disclosed to Wife. In making its determination, the court accepted Wife's testimony that Husband did not disclose the savings plan and rejected Husband's testimony that he did so. We will not reweigh the conflicting evidence, and we defer to the superior court's credibility determination. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009). We find no error in the superior court's determination that the savings plan was an omitted asset subject to post-decree division.

¶9      Husband argues the decree was unmodifiable because under A.R.S. § 25-327(A), "[t]he provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of [Arizona]." Husband suggests that because the superior court did not find "evidence of fraud,

misrepresentation, or misconduct," or "mistake or newly discovered evidence," the decree was unmodifiable. *See* Arizona Rule of Family Law Procedure ("ARFLP") 85(b). We disagree. Under ARFLP 85(b)(6), the superior court may grant relief from final judgment for "any other reason justifying relief." And, as noted above, A.R.S. § 25-318(D) allows the superior court to divide an asset omitted from a decree of dissolution. We find no error.

¶10 Husband acknowledges that "A.R.S. § 25-318(D) does not mandate a standard of proof," but nevertheless argues the superior court erred by applying a clear and convincing evidence standard of proof rather than a preponderance of the evidence standard, noting "the superior court required documentary evidence to prove disclosure of the annuity." Even if Husband did not waive this argument by failing to raise it in the superior court, the record does not reflect that the superior court applied a higher standard of proof or required documentary proof of disclosure. The superior court properly reviewed the record for evidence of disclosure of the savings plan and noted there was none other than Husband's testimony, which the court found "unpersuasive." We find no error.

¶11 Finally, Husband argues Wife's petition for division of the savings plan is barred by laches. The superior court noted in its order that Husband "cites no . . . equitable limitations arguments against division of [the savings plan]," and "makes no argument that he has been prejudiced by the late division of this omitted asset." The record supports this determination. Accordingly, Husband has waived his laches argument on appeal. *See Regal Homes, Inc. v. CNA Ins.*, 217 Ariz. 159, 171, ¶ 52 (App. 2007).

¶12 Wife requests attorneys' fees pursuant to A.R.S. § 25-324. We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal. In the exercise of our discretion, we grant Wife reasonable attorneys' fees in addition to her costs on appeal, upon compliance with ARCAP 21.

**CONCLUSION**

¶13      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AA